[Civ. No. 13237. Second Dist., Div. Two. Nov. 17, 1941.]

SECURITY–FIRST NATIONAL BANK OF LOS AN-GELES (a National Banking Association) et al., Plaintiffs and Respondents, v. CORA D. OGILVIE et al., Defendants; ROBLEY EVANS STEPHENS et al., Defendants and Respondents; CHARLES O. WRIGHT et al., Appellants.

R. B. Bidwell, Tscharner & Miller, Edward H. Marxen and Catlin & Catlin for Appellants.

James L. Patten and Frank W. Doherty for Respondents.

HANSON, J. *pro tem.*—This is an appeal upon the judgment roll from a declaratory judgment adjudicating that under the terms of a trust the wife during her lifetime had been vested with, and had exercised a testamentary power of appointment to, one-half of the *corpus* of the trust, and that accordingly the property did not become a part of the husband's estate. The appellants are the residuary legatees of the husband. The only question involved is whether the terms of the trust are adequate to sustain the holding of the trial court.

The facts which need to be stated here are these: After thirty-two years of married life the wife, Belle Wright, instituted a divorce action against her husband, Reason Wright. A few days thereafter the husband delivered to her, ·for her signature, an agreement by the terms of which she was to dismiss the divorce action and accept the financial pro-

visions set forth therein. Included in the agreement was an undertaking on the husband's part to transfer to a trustee, to hold for the wife and Douglas Baird Wright, an unadopted boy residing in their household, certain property in the manner set forth in an unexecuted declaration of trust which was annexed to the agreement. It is the construction of the terms of that particular declaration of trust which is here in controversy. The wife accepted the agreement and thereupon the husband transferred to the predecessor of the plaintiff, as trustee, some $38,000 in negotiable bonds, and such trustee executed the agreed declaration of trust. The record discloses that the transfer to the trustee was absolute, and accordingly the measure of the trustee's duties in respect thereto is as set forth in its written declaration of trust. From and after the execution of the agreement and the declaration of trust the parties resided separate and apart but were never divorced. The husband died in 1922, the wife in 1940, at which later date the unadopted boy was over twenty-five years of age.

The controversy before us turns upon the construction which is to be given to the fourth paragraph of the declaration of trust. We now set forth its language with the understanding, however, that what appears in brackets has been inserted by us merely for our purposes in discussing the paragraph hereafter. With these additions the paragraph reads as follows:

"Fourth: [1] Upon the death of said Belle Wright this trust shall terminate as to one-half of the then *corpus* of the trust property, in the event Douglas Baird Wright, an unadopted boy, who has for several years past resided with Reason Wright and Belle Wright, is living at said time and at said time has not attained the age of twenty-five years, and the said Trustee shall convey, deliver and pay over said one-half of said *corpus* unto those persons who shall be appointed by the last will and Testament of said Belle Wright to receive the same, but in the event she fails to make testamentary appointments with respect to said property or dies intestate, then the said one-half of said *corpus* shall be conveyed, delivered and paid over unto her heirs at law according to the present statute of succession of the State of California. [2] In the event said Douglas Baird Wright has not at the time of the death of said Belle Wright attained the

age of twenty-five years, the other one-half of said *corpus* shall remain in further trust until said Douglas Baird Wright attains said age, and all the net income therefrom shall be paid unto him, in convenient monthly or quarterly installments, and upon his death or upon his attaining the age of twenty-five years, whichever of said events is first to happen, this trust as to said one-half shall terminate and the said Trustee shall convey, deliver and pay over the same unto him, if he survives such termination, otherwise unto his heirs at law in accordance with the present statute of succession of the State of California. [3] In the event that said Douglas Baird Wright is living and has attained the age of twenty-five years at the time of the death of said Belle Wright, then one-half of said *corpus* shall not remain in further trust but shall be conveyed, delivered and paid over unto him. [4] In the event said Douglas Baird Wright dies during the lifetime of said Belle Wright, then upon her death one-half of the said *corpus* shall be conveyed, delivered and paid over as aforesaid unto her heirs, as the case may be, and the other one-half thereof unto the heirs at law of said Douglas Baird Wright.''

It is the contention of appellants that as the unadopted boy was more than twenty-five years of age at the time of the wife's death, then no power of appointment was vested in her under the terms of paragraph 4, nor could the property pass to her heirs at law or beneficiaries under her will; that therefore one-half of the trust property was undisposed of and reverted to the husband's estate, and as residuary legatees thereof they are entitled to it.

Appellants argue that the paragraph sets forth three separate and distinct contingencies governing the disposal of the entire trust estate. They assert the first contingency provides that if the boy had not attained the age of twenty-five years at the time of the death of the wife the latter would be entitled to exercise the power of appointment. They assert likewise that in the event of the death of the boy during the wife's lifetime then also would she have been vested with the power of appointment in question. But they contend that the remaining contingency is the one which actually occurred—that is, that the boy had attained the age of twenty-five years before the death of the wife and therefore she had no power of appointment whatsoever, in that

under the second sentence of the paragraph in the trust there is no mention of any such power. We are not only of the opinion that the construction which appellants seek to put on the fourth paragraph of the declaration of trust is wholly unsound, but also that even if it were correct the property would not revert to the estate of the husband but would go as unappointed property to the estate of the wife.

An examination of the fourth paragraph discloses very clearly that the intention thereof was to divide the trust estate into two halves. As to the first half the trust was to terminate and the property was to be disposed of on the death of the wife. The only contingency was with respect to the recipients of the half, which contingency was whether or not at the time of her death the wife had or had not exercised the power of appointment. The provisions of the trust relating to and controlling that half are contained entirely in the first sentence of the fourth paragraph. As to the balance of the trust, that is to say, the other one-half, there are contingencies established depending on the age of the boy or his death; but these provisions are complete in themselves and apply only to such half.

Appellants' basic fallacy appears to be their failure to appreciate that each of the two separate halves is completely disposed of under the fourth paragraph of the trust, and that there are no contingencies applicable to the wife's one-half other than her death and her exercise or failure to exercise her power of appointment. It is significant that the second sentence of the fourth paragraph particularly provides for the "further trust" in the remaining one-half of the property; that the third sentence is the negative corollary of the same provision and provides the contingency upon which the boy's one-half shall *not* remain in "further trust."

It will be observed from what we have heretofore said that the particular contingency, and the language thereof, upon which appellants base their case is the sentence labeled "[3]," reading:

"In the event that said Douglas Baird Wright is living and has attained the age of twenty-five years at the time of the death of said Belle Wright, then one-half of said *corpus* shall not remain in further trust but shall be conveyed, delivered and paid over unto him."

Reading this contingency separate, apart and distinct from what precedes or follows it, appellants rightly state that the sentence fails to make any disposition of the other half of the trust fund. Conceding, as appellants necessarily must, that we may not read this isolated sentence with ''blinders'' to blur out what precedes and follows, they nevertheless argue that it alone is controlling because the second contingency, unlike that of the first and third, has no provision whereby the wife might appoint one-half of the trust fund. But from the language of the paragraph viewed as a whole, it appears that the wife was given an unqualified power of appointment over one-half the trust property and that the trust as to that half terminated upon her death. The mere fact of her death was not an event which *ipso facto* terminated the trust over the other one-half of the property in the hands of the trustee. Instead, the determination as to when the trust in that half should terminate was made to depend upon wholly different events or conditions, i. e., whether Douglas was (1) alive or dead, and (2) if living, his age. In short, the trust upon the death of the wife was, by that mere fact, to terminate as to only one-half of the property embraced therein, if Douglas was living and under twenty-five years of age at the time; but if. living and over twenty-five years of age, the trust was to terminate wholly. If, however, he had died prior to the death of Mrs. Wright, then likewise the trust was to terminate wholly. In any of the situations narrated the one-half of the property was to go as she appointed or, in default of appointment, to her heirs. In the case of Douglas, the other one-half of the property was to go directly to him if, as and when he attained the age of twenty-five years, and in the meantime he was to receive the net income of that half. If, however, he died before Mrs. Wright, or if he died subsequent to her death but before he attained the age of twenty-five years, then his one-half was to go to his heirs.

If the language of the fourth paragraph of the trust may reasonably be said to be doubtful, its meaning cannot be a matter of doubt when the property settlement agreement is read in connection with the declaration of trust. The two were parts of but one transaction, and so must be read together. The property settlement agreement plainly shows not only that the declaration of trust was made for the wife and the unadopted boy, and no one else, but in addition that

the consideration for it was the wife's agreement to relinquish her interest in other property standing in the name of the husband. In effect, then, the wife furnished the consideration for the declaration of trust, and not the husband. Hence she, rather than the husband, must be deemed the settlor. (3 Scott on Trusts, sec. 422a at page 2205.) Accordingly, even though there had been a failure of language in the declaration of trust to dispose of anything other than one-half of the property to Douglas, the other half would revert to the estate of the wife and not to the husband. Moreover, no plausible reason has been suggested for supposing that any of the parties to the declaration of trust intended by the language there used to achieve a result directly contrary to the intent which is so clearly expressed in the property settlement agreement.

For the reasons indicated the judgment is affirmed.

Moore, P. J., and McComb, J., concurred.