John A. and Mary Sue GARCIA et al.,
Appellants,

v.

UNITED STATES of America,
Appellee.

No. 25632.

United States Court of Appeals,
Fifth Circuit.

Jan. 20, 1970.

Rehearing Denied March 24, 1970.

Edward A. Copley, Dallas, Tex., for appellants.

Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks, Harry Marselli, Carolyn R. Just, Crombie J. D. Garrett, Atty's, Dept. of Justice, Washington, D. C., Ted Butler, U. S. Atty., Andrew L. Jefferson, Jr., Asst. U. S. Atty., San Antonio, Tex., for appellee.

Before RIVES and GODBOLD, Circuit Judges, and NOEL, District Judge.

GODBOLD, Circuit Judge:

This appeal is from a judgment of the District Court reducing to judgment assessments of income tax liabilities, penalties and interest and foreclosing tax liens on real property of the taxpayers located in Texas. The validity of the assessments is not contested on this appeal, other than on constitutional grounds discussed below.

The taxpayers, John A. and Mary Sue Garcia, claim that they were

unconstitutionally deprived of counsel before the District Court and before this Court. We do not reach the question whether there ever may be a constitutional right to appointive counsel in complex civil cases as this, because the District Court, in considering taxpayers' petition for appointment of counsel, concluded that they were not indigent and, therefore, under no circumstances could be entitled to appointive counsel. This factual determination was not clearly erroneous and we do not disturb it. Fed.R.Crim.P. 52.

■ Taxpayers also assert that they were deprived of rights guaranteed them by the Fifth, Eighth, Thirteenth, and Fourteenth Amendments to the Constitution. Marshalling and construing the wide-ranging thrusts of their contentions, the substance appears to be that judgments against them are so large and the liens so detrimental to their property, and the government so arbitrary in using "enforced collection procedures" and in insisting that the judgments be paid, that the taxpayers are deprived of their property without due process, deprived of equal protection, subjected to cruel and unusual punishment, and are in involuntary servitude for the rest of their lives. None of these contentions has any merit.

A separate issue is raised by other appellants as to one piece of real estate. While taxpayers were involved in their tax controversies with the government they purported to set up a trust for their minor children, the Garcia Educational Trust. The District Court held that a valid trust was not created but the arrangement was merely one of agency, so that the real estate allegedly owned by the Trust in fact belonged to the taxpayers and hence was subject to the government's lien and to foreclosure thereof. The minor beneficiaries of the Trust have appealed from this determination, and by direction of this Court counsel *ad litem* have been appointed to represent them on the appeal.

■ The District Court correctly found that no trust was created. The instrument purporting to create it spells out that the trust is created, designates the beneficiaries and names a trustee (an attorney), describes the powers of the trustee and establishes a termination date for the purported trust. That is all it does. It does not mention or even purport to deal with subject matter property of any description, which is indispensable for creation of a trust relationship. There is no transfer to the trustee of anything of value, therefore no trust was created by *inter vivos* transfer. Golob v. Stone, 262 S.W.2d 536, (Tex.Civ.App.1953); Vernon's Ann. Civ.St. art. 7425b–7; 1 Scott, Trusts, §§ 17, 26.2, 32. The settlors do not declare themselves trustees of property for another, 1 Scott, §§ 17, 17.1, 17.4, 18; Vernon's Ann.Civ.St. art. 7425b–7(A). The settlors do not promise to transfer property to another as trustee, 1 Scott, §§ 17.3, 17.4, 22; Vernon's Ann.Civ.St. art. 7425–7(E). The settlors do not purchase property in the name of another as trustee for him, 1 Scott, § 19.

The District Court had before it detailed evidence of the purchase by the trustee of the real estate in question, furniture and fixtures, equipment, and automobiles, all at the direction of Dr. Garcia, and of the effectual control by Dr. Garcia of the operations of the Trust, the disposition of Trust income, the use and management of its property (at times for his benefit without consideration or less than full consideration), and the employment of the Trust as a conduit to obtain loans and then lend the money to himself without interest. The District Court did not err in concluding that the purported and abortive creation of a trust was in fact only an agency arrangement.

The minor beneficiaries insist that absent a specific finding of fraud the existence of a trust must be determined from the face of the creating instru-

ment, and the District Court could not look at the surrounding, and subsequent, facts and circumstances. But, as we point out above, the instrument was not even facially effectual to create a trust.

Affirmed.