[Civ. No. 34802. Second Dist., Div. Four. Apr. 23, 1970.]

LOUIS COHEN et al., Plaintiffs and Appellants, v.
EDWIN J. MEYERS, as Executor, etc., Defendant and Respondent.

## Counsel

Olincy & Olincy and Leon B. Brown for Plaintiffs and Appellants.

Irving Cohen for Defendant and Respondent.

## Opinion

**IRWIN, J.**[*]—Plaintiffs appeal from a declaratory judgment holding that no valid trust was created by a written amendment to a partnership agreement and that one of the partners succeeded to the community interest of his deceased wife under the laws of intestate succession.

Findings of the lower court set forth these basic facts, which are not disputed: "Prior to September 11, 1961, Alex Cohen and his wife, Verna,

[*]Retired judge of the superior court sitting under assignment by the Acting Chairman of the Judicial Council.

owned as their community property, a 50% interest in the San Fernando Furniture Company, a partnership. On that date, Alex Cohen, Verna Cohen, and the other 50% partner, Louis Cohen, met to execute a written amendment to the partnership agreement (hereinafter referred to as the '1961 Amendment'). . . . Although Verna Cohen was present at the signing, she did not, herself, sign the 1961 Amendment.

"At the signing of the 1961 Amendment, in addition to Alex, Verna and Louis Cohen, there was also present George R. Olincy, attorney for said three persons. At said signing, George R. Olincy asked Verna Cohen if she understood the intended effect of said Amendment, approved of its provisions and agreed to be bound thereby, and she stated that she did. George R. Olincy then advised Verna Cohen that her signature was not required on the Amendment because she was not a partner.

"The 1961 Amendment provides (among other things) that, upon the death of Verna Cohen, her 25% community interest should go to Alex Cohen as Trustee, to be held and distributed in the manner set forth in paragraph VIII 3 C, commencing on page 4 of the Amendment.

"Verna Cohen died intestate on November 5, 1961.

"Alex Cohen died on April 20, 1963, . . ."

From these facts the lower court declared that the "1961 Amendment" did not create any trust and that the 25 percent community partnership interest of Verna Cohen passed to Alex Cohen under the laws of intestate succession, and is distributable in accordance with his will.

Appellants contend: (1) that the 1961 Amendment created a voluntary trust as to the trustor (Verna Cohen) specifying by words their intentions to create a trust and the subject, purpose and beneficiary thereof; or, (2) that if the Verna Cohen trust was not a valid trust, it was binding as an involuntary trust. The subject of the alleged trust was Verna Cohen's community interest in the partnership business. We must affirm the judgment.

*Monell* v. *College of Physicians & Surgeons* (1961) 198 Cal.App.2d 38 [17 Cal.Rptr. 744] is authority for the rule that trusts in personalty may be created, declared or admitted verbally and may be proved by parol evidence. Verna Cohen's oral statement that she agreed with the 1961 Amendment was sufficient to create a trust if in fact the subject of a trust actually was transferred. A review of the amendment shows that as to Verna Cohen no trust estate was to come into existence until her death.

The language is testamentary in nature and does not satisfy the requirements of section 50 of the California Probate Code[1] for the execution of a will. Consequently no testamentary trust was created, nor do appellants make any such claim.

Specifically, as to Verna Cohen, the 1961 Amendment provides that, in the event of her death before the death of Alex Cohen, the 25 percent partnership interest being Verna Cohen's community property shall go to him as trustee and to Louis Cohen or Edwin J. Meyers as successor trustees. Nothing was transferred or to be transferred until Verna Cohen's death. Consequently, appellants' claim that a voluntary *inter vivos* trust existed is wholly without merit.

In *Monell, supra,* at page 48, Justice Sullivan, speaking for the court, stated: "Moreover, it is essential to the creation of a valid express trust that some estate or interest should be conveyed to the trustee and, when the instrument creating the trust is other than a will, that such estate or interest must pass immediately, although the enjoyment of the *cestui* may commence in the future. The transfer may be of a future interest. (*Nichols* v. *Emery,* 109 Cal. 323, 330 [41 P. 1089]; *Noble* v. *Learned,* 153 Cal. 245, 251 [94 P. 1047]; *Estate of Alberts,* 38 Cal.App.2d 42 [100 P.2d 538]; *Oakland Scavenger Co.* v. *Gandi,* 51 Cal.App.2d 69, 78 [124 P.2d 143]; Rest. 2d Trusts, § 32.) As stated by Mr. Justice Henshaw in *Nichols* v. *Emery, supra,* '[b]y such a trust, therefore, something of the settler's estate has passed from him and into the trustee for the benefit of the *cestui,* and this transfer of interest is a present one and *in nowise dependent* upon the settler's death.' (P. 330; emphasis added.)

"If, however, a trust is the instrumentality for making a testamentary disposition of property, the document creating the trust must comply with the requirements prescribed for the making of wills. (Rest. 2d Trusts, § 53.) In the comment to above section of the Restatement, it is stated: 'A testamentary disposition of property is a disposition to take effect upon the death of the person making the disposition and as to which he has substantially entire control until his death. Such a disposition is testamentary whether made by a will or a document which purports to be a will or made by a transaction *inter vivos,* as by a deed, unsealed writing or parol declaration or transfer.' (P. 130; see also 1 Scott on Trusts, § 53, p. 361.)

---

[1]Section 50 of the California Probate Code provides: 1) The instrument must be subscribed at the end by the testator;
2) The testator must acknowledge signature to have been made in presence of two attesting witnesses;
3) Testator must declare instrument to be his will; and
4) There must be at least two attesting witnesses.

"Section 56 of the Restatement Second of Trusts declares: 'Where no interest in the trust property is created in a beneficiary other than the settlor before the death of the settlor, the disposition is testamentary and is invalid unless the requirements of the Statute of Wills are complied with.' Under the foregoing rule the beneficiary may fail to acquire any interest during the settlor's lifetime, either because the settlor fails to make an effective conveyance to the trustee during such time or because there was no effective disposition of the beneficial interest prior to the settlor's death according to the intention of the settlor. (*Estate of Alberts, supra,* 38 Cal.App.2d 42; 1 Scott on Trusts, § 56, p. 422; Rest. 2d Trusts, § 56, com. a.) If, on the other hand, during the lifetime of the settlor, the beneficiary acquires an interest by a final and definitive disposition, such disposition is not testamentary merely because the enjoyment of the beneficial interest is postponed until the trustor's death. (1 Scott on Trusts, § 56.5, p. 431.) But 'if the owner of property delivers it or delivers a deed of conveyance to the intended trustee, but he manifests an intention that the conveyance shall not be effective until his death, the disposition is testamentary.' (Rest. 2d Trusts, § 56, com. b.)"

Appellants rely strongly upon the case of *Hardison* v. *Corbett* (1942) 55 Cal.App.2d 310 [130 P.2d 226]. However, in that case, the court held that the trustor actually had made a valid transfer during his lifetime; that he had transferred all of his interest and ownership in certain stock certificates, subject only to the right in himself to receive the dividends during his lifetime. *Randall* v. *Bank of America* (1941) 48 Cal.App.2d 249 [119 P.2d 754] is cited by *Hardison*. There is nothing inconsistent between *Hardison* or *Randall* and *Monell.*

■   Appellants next seek to avoid the effect of a holding that no *inter vivos* trust was created by arguing that Alex Cohen became an involuntary trustee of Verna Cohen's community estate in the partnership solely as the result of their "mutual mistake as to the efficacy of the Amendment."

Civil Code section 2224, cited by appellants, provides: "One who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it."

We find no evidence in the record to support appellants' position. The

contention is untenable, for Alex Cohen had gained nothing from Verna by the terms of the "1961 Amendment."

The judgment is affirmed.

Kingsley, Acting P. J., and Dunn, J., concurred.