T.C. Memo. 1996-236


UNITED STATES TAX COURT


BARJONA S. MEEK AND ROBERTA MEEK, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12089-94.                          Filed May 22, 1996.


Marshall W. Taylor, for petitioners.

Maria D. Murphy, for respondent.


MEMORANDUM OPINION

TANNENWALD, Judge:  Respondent determined a deficiency in
petitioners' 1991 Federal income tax of $30,924 and an accuracy-
related penalty under section 6662(a)[1] of $6,185.  In an
amendment to her answer, respondent changed the deficiency to

---

[1]   Unless otherwise indicated, all statutory references are to
the Internal Revenue Code in effect for the year at issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

$34,550, to reflect the correction of computational errors. Petitioners do not contest such correction, and respondent has conceded the penalty.

The sole issue for decision is whether section 267(a) disallows petitioners a deduction for a capital loss from the sale of a partnership interest by petitioner Barjona Meek (hereinafter reference to Meek in the singular is to Barjona Meek).

All the facts have been stipulated.  The stipulation of facts and attached exhibits are incorporated herein by this reference.

At the time the petition was filed, petitioners resided in Pagosa Springs, Colorado.

Immediately prior to the transactions which are the subject matter of this case, Meek owned an 83-percent limited partnership interest in Elgrade, Ltd., a California limited partnership having an adjusted basis of $999,775.

On December 11, 1991, petitioners, along with Thomas McCormick and Forrest Furman, executed an instrument entitled the "Barjona S. Meek and Roberta L. Meek Grandchildren Irrevocable Trust" (the trust document).  The trust document was executed by petitioners as "settlors" and by McCormick and Furman as "trustees".  McCormick and Furman are not related to petitioners or the beneficiaries of the trust, by blood or marriage.

The trust document provides in part:

1.01 <u>DECLARATION OF TRUST</u>.  THOMAS McCORMICK and FORREST FURMAN (collectively referred to as "trustees") declare that BARJONA S. MEEK and ROBERTA L. MEEK ("settlors") have transferred and delivered to the trustee without consideration the property described in Schedule A attached to this instrument.

* * * * * * *

2.01 <u>TRUST ESTATE</u>.  All property subject to this instrument from time to time, including the property listed in Schedule A, is referred to as the trust estate and shall be held, administered, and distributed according to this instrument.

* * * * * * *

4.01 <u>DIVISION OF TRUST ESTATE INTO SEPARATE SHARES</u>.  The trustee shall immediately divide the trust estate into five shares for the benefit of the following five grandchildren of the settlors in the following proportions:

Schedule A was supposed to be an attachment to the trust document, but was never prepared and to date does not exist.

The trust document also provides that the trust is to be construed, interpreted, and administered under the laws of the State of California.

Also on December 11, 1991, Meek, McCormick, and Furman executed a purchase agreement whereby Meek sold his 83-percent interest in Elgrade, Ltd., to the trust for $868,308.  The purchase agreement provides in part:

THIS AGREEMENT is made as of this 11th day of December, 1991 by THOMAS McCORMICK and FORREST FURMAN, trustees of the BARJONA S. MEEK AND ROBERTA L. MEEK GRANDCHILDREN IRREVOCABLE TRUST ("Buyer") and BARJONA

S. MEEK ("Seller"), a limited partner of ELGRADE, LTD., a California limited partnership ("Elgrade").

RECITALS

Seller desires to sell 100% of his limited partnership interest in Elgrade to Buyer, and Buyer desires to purchase all of Seller's limited partnership interest in Elgrade.

NOW, THEREFORE, in consideration of the mutual covenants, and subject to the terms and conditions herein contained, the parties hereto agree as follows:

\*   \*   \*   \*   \*   \*   \*

1.2 <u>Purchase Price</u>.

Buyer agrees to pay eight hundred thirty-two thousand three hundred fifty and no/100 dollars ($832,350.00) for the limited partnership interest sold by Seller. In addition to 832,350.00 selling price, accounts receivable of 35,958.00.

1.3. <u>Payment of Purchase Price</u>.

The purchase price specified in section 1.2 shall be paid by Buyer to Seller on the Closing Date by delivery of an executed note for the purchase price in the form attached hereto as Exhibit A.

\*   \*   \*   \*   \*   \*   \*

SELLER
Barjona S. Meek

BUYER
BARJONA S. MEEK AND ROBERTA L. MEEK GRANDCHILDREN IRREVOCABLE TRUST

By:
Thomas McCormick, Trustee


Forrest Furman, Trustee

The parties have stipulated that the price at which the partnership interest was conveyed to the Meek trust was adequate.

Other than the above-described transactions, petitioners did not convey, by gift or otherwise, any property or interest in property to the trust during 1991.

Section 267(a)(1) provides in part: "No deduction shall be allowed in respect of any loss from the sale or exchange of property, directly or indirectly, between persons specified in any of the paragraphs of subsection (b)."

Section 267(b) enumerates certain relationships, including that between a grantor and a fiduciary of a trust. Sec. 267(b)(4). The person who creates the trust is the settlor, or grantor,[2] of a trust. Restatement, Trusts 2d, sec. 3 (1959); I Scott, Trusts, sec. 3 (4th ed. 1987).

Petitioners and respondent agree that the trust was created on December 11, 1991. They further agree that the partnership interest was held in trust for the benefit of Meek's grandchildren and that McCormick and Furman were the trustees of the trust. As trustees, they are fiduciaries under section 7701(a)(6). The issue before us is only whether Meek is the settlor of the trust.

---

[2] The terms grantor, as used in sec. 267, and settlor, as used in the trust document, both refer to the creator of a trust. See Black's Law Dictionary at 700, 1373 (6th ed. 1990). We view them as synonymous.

We determine property rights of the parties under State law (in this case, California, see supra p. 3) in order to provide the foundation for deciding the Federal tax consequences thereof. Helvering v. Stuart, 317 U.S. 154, 162 (1942); Estate of Heim v. Commissioner, 914 F.2d 1322, 1327 (9th Cir. 1990), affg. T.C. Memo. 1988-433; see also United States v. Irvine, 511 U.S. ___, 114 S. Ct. 1473, 1481 (1994). We apply California law as announced by the Supreme Court of California, or, if there is no decision by that highest court, we apply what we conclude that court would decide, giving proper regard to the decisions of other courts of the State. Commissioner v. Estate of Bosch, 387 U.S. 456, 465 (1967).[3]

Petitioners argue that the trust document did not validly create the trust because of the absence of Schedule A and that therefore the trust fails for lack of trust property. Proceeding from this conclusion, petitioners argue that, by virtue of the purchase agreement, McCormick and Furman acquired the property as individuals and then, by virtue of their signatures on the trust document and their designation as trustees in the purchase agreement, constituted themselves trustees for the Meek beneficiaries and consequently they, and not Meek, were the settlors.

---

[3] See also Estate of McKay v. Commissioner, T.C. Memo. 1994-362.

Section 15200 of the California Probate Code provides in part:

> Subject to other provisions of this chapter, a trust may be created by any of the following methods:
>
>      *   *   *   *   *   *   *
>
> (b) A transfer of property by the owner during the owner's lifetime to another person as trustee. [Cal. Prob. Code sec. 15200 (West 1991).]

The California Probate Code further provides: "A trust is created only if there is trust property." Cal. Prob. Code sec. 15202 (West 1991); see also Restatement, Trusts 2d, sec. 74 (1959). There is no dispute as to the other requirements for the creation of a trust.[4]

Where the instrument is other than a will, there is no trust until property is transferred to the trustee. Cohen v. Myers, 86 Cal. Rptr. 456, 458 (Ct. App. 1970); Monell v. College of Physicians and Surgeons, 17 Cal. Rptr. 744, 751 (Dist. Ct. App. 1962). We do not disagree with petitioners' contention that the trust document in and of itself did not create the trust in the absence of a transfer of property. Cal. Prob. Code sec. 15202 (West 1991). Nor do we disagree with their assertion that the purchase agreement standing alone did not create the trust

---

[4] The other requirements for the creation of a trust are: (1) An intent to create a trust by the settlor; (2) a trust purpose; and (3) an identifiable beneficiary. Cal. Prob. Code secs. 15201-15205 (West 1991); see Chang v. Redding Bank of Commerce, 35 Cal. Rptr. 2d 64, 70 (Ct. App. 1994).

because a mere contract to convey property is not a trust.  <u>Reagh</u> <u>v. Kelley</u>, 89 Cal. Rptr. 425, 532 (Ct. App. 1970); <u>Huebener v.</u> <u>Chinn</u>, 207 P.2d 1136, 1143 (Or. 1949); Restatement, Trusts 2d, sec. 13 (1959).  But we do not think that this case can be disposed of by such a separation of the two phases of the transactions involved herein.  The two phases, which occurred on the same day,[5] are inextricably intertwined and indeed the overall thrust of petitioners' argument is founded on this element.  <u>Security-First Natl. Bank v. Wright</u>, 119 P.2d 25, 28 (Cal. Dist. Ct. App. 1941); see also <u>Reagh v. Kelley</u>, <u>supra</u>. Reading the trust document and purchase agreement together, the trust does not fail for lack of certainty as to the trust property.  See <u>Reiss v. Reiss</u>, 114 P.2d 718, 722 (Cal. Dist. Ct. App. 1941).

Thus, we find inapposite those cases cited by petitioners that hold there is no trust in the absence of certain identifiable property.  See <u>In re Ralston's Estate</u>, 37 P.2d 76 (Cal. 1934) (trust failed for lack of sufficient certainty as to the beneficiaries); <u>Lefrooth v. Prentice</u>, 259 P. 947, 952 (Cal. 1927) (trust failed for lack of delivery of trust property); <u>Balian v. Balian's Market</u>, 119 P.2d 426, 429 (Cal. Dist. Ct. App.

---

[5]  There is no evidence to show the order of execution, but we are satisfied that, under the circumstances herein, such evidence would not be relevant.

1941) ("this requisite of certainty includes the subject-matter or property embraced within the trust"); <u>Garcia v. United States</u>, 421 F.2d 1231 (5th Cir. 1970) (same).

Petitioners seek to shift the characterization as grantor to McCormick and Furman by arguing that they furnished the consideration for the transfer of the partnership interest and that the decided cases reflect the view that the person who furnishes consideration for a transfer in trust is treated as the grantor. Initially, we note that section 15200 of the California Probate Code requires only the "transfer" of property. <u>Supra</u> p. 7. We have found no basis for concluding that a person cannot create a trust by means of a sale for consideration. Indeed, by providing that consideration is not "required", Cal. Prob. Code sec. 15208 (West 1991), clearly implies that the creation of a trust may involve receipt of a quid pro quo.[6] See also Restatement, Trusts 2d, secs. 29 and 30 (1959); Peschel & Spurgeon, Federal Taxation of Trusts, Grantors and Beneficiaries, par. 2.05, pp. 2-14 to 2-19 (2d ed. 1989). Thus, the fact that Meek received consideration for the transfer in the form of a promissory note from McCormick and Furman as trustees does not

---

[6]  Cal. Prob. Code sec. 15208 (West 1991), states:

> Consideration is not required to create a trust, but a promise to create a trust in the future is enforceable only if the requirements for an enforceable contract are satisfied.

necessarily militate against treating him as the grantor. Nor are we persuaded that, under the circumstances herein, the fact that McCormick and Furman furnished consideration requires that they and not Meek be treated as the grantor of the trust.

Petitioners point to Mahoney v. United States, 831 F.2d 641 (6th Cir. 1987), for the proposition that a settlor must contribute property to a trust gratuitously. We do not agree that Mahoney supports such a proposition. In that case, a third party who was designated as a beneficiary of a trust had given consideration for the transfer of property into the trust. The court held the beneficiary was the effective grantor to the extent of his payment of consideration. However, this is a different situation than the one before us where it is the trustees, on behalf of the trust, who furnished consideration for the trust property and who did not participate to any degree in the dispositive provisions of the trust. The same distinction applies to Security-First Natl. Bank v. Wright, supra, and the hypothetical situation discussed in IIA Scott, Trusts, sec. 156.3 (4th ed. 1987).

Petitioners also cite Lehman v. Commissioner, 109 F.2d 99 (2d Cir. 1940), affg. 39 B.T.A. 17 (1939), for the proposition that a person is a settlor of a trust if he furnishes consideration for the trust. Lehman involved reciprocal trusts and the taxpayer, who furnished consideration in the form of a

trust for the benefit of his brother, received consideration from his brother in the form of a trust for his benefit.  In this context, petitioners' attempt to convert the Court of Appeals' use of the word "if" to mean "only if" is without merit.

The situations in <u>Mahoney</u> and <u>Lehman</u> are thus clearly distinguishable[7] from the situation herein; McCormick and Furman received the property and furnished the consideration <u>as trustees</u> and received no property interest in return.[8]

In sum, the trust document, along with the purchase agreement, creates a valid trust under California law, with Meek as the settlor.  McCormick and Furman were simply the conduit through which Meek transferred property, i.e., his partnership interest, to the trust and, in effect, fleshed out the missing link of description which would otherwise have been set forth in Schedule A of the trust document.  In this connection, we note that the parties have stipulated that by virtue of the purchase agreement, Meek "<u>sold</u> his 83 percent partnership interest in Elgarde, Ltd. to the Meek Trust" (emphasis added).  We conclude that Meek was engaged in a transaction between a grantor and

---

[7]  Similar reasoning distinguishes <u>Ballard v. MacCallum</u>, 101 P.2d 692 (Cal. 1940).

[8]  If petitioners' position herein were correct, it would seem to follow McCormick and Furman could personally be held liable on the purchase note that they furnished as trustees, a result which we think it unlikely any California court would countenance.

fiduciary within the meaning of section 267(b)(4).  Such being the case, we hold that the claimed loss is not allowable under section 267(a), which we note covers losses not only "directly" but also "indirectly" from the proscribed sales or exchanges. Supra p. 5.

In accordance with the foregoing,

> Decision will be entered for respondent for the amount of the increased deficiency, and decision will be entered for petitioners as to the accuracy-related penalty.