130 Cal.App.3d 993 (1982)
182 Cal. Rptr. 95
Estate of RICHARD F. DAILEY, Deceased.
EUGENE STOOP et al., Petitioners and Respondents,
v.
WELLS FARGO BANK, as Executor, etc., Objector and Appellant.
Docket No. 54188.
Court of Appeals of California, First District, Division Three.
April 22, 1982.
*995 COUNSEL
Philip C. Stork for Objector and Appellant.
Donald Brody and Blumenfeld & Brody for Petitioners and Respondents.
OPINION
SCOTT, J.
The estate of Richard F. Dailey appeals from a judgment ordering that respondents Eugene and Bernice Stoop each receive $5,000 from the estate.

The Facts
In July 1980, respondents petitioned the court pursuant to Probate Code section 1080 for a determination of their entitlement to a distribution from the estate of Richard Dailey.[1] In particular, each claimed *996 entitlement to a bequest of $5,000 under the following paragraph of Dailey's will: "THIRD: I give the following general legacies:
".... .... .... ...
"C. Five Thousand Dollars ($5,000.00) to each of the individuals who have rendered personal services to me on a steady and faithful basis during the six months preceding my death. My executor, in its absolute discretion, shall determine which individuals so qualify. My intention is to show my appreciation to those persons who have aided me personally on a day-to-day basis, whether such individuals were technically classified as employees or not."
At the commencement of trial before the court, counsel for the estate urged that the testator's use of the term "absolute discretion" precluded the court from hearing evidence as to whether the testator intended respondents to be among those awarded $5,000. The court decided to hear the evidence subject to subsequent briefing as to the scope of the executor's discretion.
Wells Fargo Bank's Assistant Vice President and Trust Officer Thomas Solheim acted on behalf of the bank in its role as executor. Solheim testified that as he understood the language of the will, an individual could render "personal services" on a steady and faithful basis but still not qualify as one who "aided [the decedent] personally on a day-to-day basis." He concluded that those eligible were people who took care of the decedent's personal bodily needs, "such as his bedpan, catering to his requests for food, cleaning up after his mess, if you might call it that, in the house." He had determined that Eugene Stoop did not qualify because he worked outside as a gardener, and he did not know of any service rendered by Bernice Stoop.
The Stoops were hired by the decedent as a couple more than six months preceding his death. Eugene's job was as caretaker and gardener; his wife, Bernice, was to care for the decedent's dogs when he was away, and "help out when [she] could." They lived in a house on the grounds of the decedent's estate. Bernice testified that in addition to caring for the dogs, she came to the main house to visit the decedent regularly, brought him a plant or flowers occasionally, and brought him food now and then. The decedent also had a full-time housekeeper and cook. Philip Stork, the attorney who drafted the will, testified that the *997 decedent did not want to include the Stoops as beneficiaries, and that the provision granting the executor discretion was included because there was turnover on the household staff, in particular on the nursing staff.
Among its findings, the court found that both Stoops rendered personal services to the deceased on a steady and faithful basis, and aided him personally from the beginning of their employment until his death. The court also found that it was the intent of the decedent to show his appreciation to the Stoops by leaving each $5,000. The court's findings made no reference to attorney Stork's testimony, nor to the exercise of discretion by the executor.

Discussion
The language of the will granted the executor "absolute discretion" to determine those entitled to the $5,000 bequests. Appellant urges that absent a showing that the executor's determination was made in bad faith, that determination was conclusive and the trial court erred in ordering otherwise. In support of its position, appellant relies on cases defining the limits of discretion conferred upon a trustee. Respondents argue at length that the cases relied on by appellant are inapposite because an executor is not a trustee; they urge that the source of an executor's power is the court, which can therefore control any of the executor's decisions.
The parties' focus on the similarities or differences between trustees and executors misses the point in this case. (1) The paramount rule in the construction of wills, to which all other rules must yield, is that a will is to be interpreted according to the intention of the testator as therein expressed and this intention must be given effect as far as possible. (Prob. Code, § 101; Wells Fargo Bank v. Huse (1976) 57 Cal. App.3d 927, 932 [129 Cal. Rptr. 522].) "The centerpiece of interpretation, of course, is the language contained in the will.... One of the axioms is that words are to be taken in their ordinary and grammatical sense, unless a clear intention to the contrary can be ascertained. [Citation.]" (Ibid.) It is also assumed that words are usually included for the purpose of being operative, and an interpretation of a will requires that every word be examined and given some effect, if possible. If the intent can be ascertained from the words actually used, the inquiry is ended. (Estate of Newmark (1977) 67 Cal. App.3d 350, 356 [136 Cal. Rptr. 628].)
*998 (2a) What the testator did in the provision at issue was authorize a party (his executor) to determine the person or persons who should receive a bequest, with the determination to be made from among a group or class of persons meeting or possessing certain qualifications specified by the testator. In effect, the testator gave his executor a special power of appointment. (See Civ. Code, § 1380.1 et seq.; Estate of Kuttler (1958) 160 Cal. App.2d 332, 337 [325 P.2d 624]; Estate of Smythe (1955) 132 Cal. App.2d 343, 351 [282 P.2d 141]; see also Annot. (1976) 74 A.L.R.3d 1073; 62 Am.Jur.2d, Powers, §§ 1-7, pp. 105-112; 5 Page on Wills (Bowe-Parker ed. 1962) Powers, § 45.1 et seq., p. 493 et seq.)
(3) A power of appointment is a power given by the donor of property to the donee, which enables the donee to designate the appointees or persons who are to take the property at some future time. (3 Witkin, Summary of Cal. Law (8th ed. 1973) Powers of Appointment, § 260, p. 1983.) A general power of appointment is one which may be exercised in favor of anyone, including the donee, and is equivalent to a grant of absolute ownership. A special power is one which may be exercised in favor of certain specified individuals or to a class of designated persons, not including the donee or his estate. (Civ. Code, § 1381.2; Estate of Thorndike (1979) 90 Cal. App.3d 468, 473 [153 Cal. Rptr. 487]; Estate of Conroy (1977) 67 Cal. App.3d 734, 738 [136 Cal. Rptr. 807].)
The donee of a special power is subject to the limitations imposed by the creating instrument. (Civ. Code, § 1387.2.) While the donee in this case (the executor) had no discretion as to the amount to be given to each of the individuals who qualified, the executor did have discretion to determine who qualified. (See Civ. Code, § 1387.3; Cal. Law Revision Com. comment to Civ. Code, § 1387.3, Deering's Ann. Cal. Civ. Code (1971 ed.) pp. 137-138.) Generally, if a power of appointment is to be exercised in the personal discretion of the donee, that discretion cannot be controlled as long as it is exercised in good faith. (5 Page on Wills, supra, § 45.10, at p. 524.)
A Missouri case, Smoot v. McCandless (Mo. 1970) 461 S.W.2d 776 [74 A.L.R.3d 1061] illustrates the scope of a donee's discretion unless limited by the testator. The will at issue in that case specified that the residue of the decedent's property should go to the person or persons who cared for the decedent and provided him with a home during his declining years. The will directed that the executor be the "sole judge" as to who had cared for him during his declining years, and should designate *999 the recipient of the residuary estate. A man and woman claimed that they had provided such care. However, the executor refused to execute the power of appointment because in his view the decedent had cared for himself during his last years.
The trial court declared the portion of the will granting the power of appointment to the executor invalid for lack of specificity. After hearing conflicting evidence, the court then concluded that the couple were entitled to the residuary estate. The appellate court disagreed, and reversed. It concluded that the power of appointment was valid, as the class to be benefited was sufficiently ascertainable. The court then concluded that the decedent had intended his executor to select the eligible person or persons, and that the executor lawfully could, within the power granted and consonant with the intent of the testator, determine that no one qualified. (Id., at pp. 780-783.)
(4) It is solely a judicial function to interpret a written instrument such as a will unless the interpretation turns on the credibility of extrinsic evidence. (Estate of Russell (1968) 69 Cal.2d 200, 213 [70 Cal. Rptr. 561, 444 P.2d 353].) (2b) We conclude from the language of Dailey's will that his executor as donee had the sole power to determine which persons qualified for the $5,000 bequests. The trial court did not find that the executor's determination was made in bad faith, and nothing in the record would support such a finding. The trial court erred when it substituted its own discretion for that of the executor. It is not the function of a court to determine who in the normal course of events should be the objects of the testator's bounty, but rather, to determine who the testator did, in fact, intend to make the object of his bounty. It is not the province of the trial court or a reviewing court to remake a will. (Estate of Strong (1966) 244 Cal. App.2d 250, 254 [52 Cal. Rptr. 919].)
Judgment is reversed and the cause is remanded with directions to enter judgment denying the claim of Eugene and Bernice Stoop.
White, P.J., and Feinberg, J., concurred.
A petition for a rehearing was denied May 21, 1983.
NOTES
[1] Probate Code section 1080 provides in relevant part: "... any person claiming to be ... entitled to distribution of the estate or any part thereof, may file a petition setting forth his or her claim or reason and praying that the court determine who are entitled to distribution of the estate." An order determining persons to whom distribution should be made is an appealable order. (Prob. Code, § 1240, subd. (o).)