ESTATE OF CARL I. HEIM, DECEASED, ISABELLE J. HEIM, EXECUTRIX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Heim v. Commissioner
Docket No. 36711-85.
United States Tax Court
T.C. Memo 1988-433; 1988 Tax Ct. Memo LEXIS 462; 56 T.C.M. (CCH) 146; T.C.M. (RIA) 88433; September 13, 1988. John M. Kent and James Toledano, for the petitioner. Steven L. Staker and William Sabin, for the respondent. KORNER
MEMORANDUM AND FINDINGS OF FACT AND OPINION KORNER, Judge: In his notice of deficiency, respondent determined a deficiency of $ 62,513 in the Federal estate tax of the Estate of Carl I. Heim. The sole issue presented for decision is whether petitioner is entitled to a marital deduction of $ 207,497 for property that passed to Carl I. Heim's spouse under his will. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner is the Estate of Carl I. Heim. Carl I. Heim (Mr. Heim) was a resident of San Clemente, California, *464 when he died on November 12, 1981. Mr. Heim died testate. His will was drafted by an attorney who had substantial experience practicing probate law, and it was probated by a California state court. The will provided, in relevant part, that Mr. Heim gave all of his estate "of whatsoever kind and nature and wheresoever situated" to his wife, Isabelle J. Heim, and that In the event that my said wife should predecease me or fail to survive the distribution, or in the event that our deaths should occur simultaneously or approximately so or in the same common accident or calamity, then I give all of my estate of whatsoever kind and nature and wheresoever situated to my wife's three children * * *. [Emphasis added.] The will did not mention Federal estate taxes or express an intent that the value of property passing to Mrs. Heim qualify to be deducted for Federal estate tax purposes. Mr. Heim never discussed the marital deduction with his wife or the attorney who drafted the will. Petitioner filed a Federal estate tax return on which it claimed a marital deduction of $ 344.754, representing the alleged value of one-half of Mr. Heim's adjusted gross estate. Respondent *465 audited the return and determined two adjustments to the taxable estate reported thereon. First, he determined that stock valued on the return at $ 29,854 had a value of $ 22,137, thereby reducing the taxable estate by $ 7,717. Petitioner does not contest that determination. Second, respondent determined that the $ 207,497 of property that Mrs. Heim received under Mr. Heim's will was a terminable interest as defined in section 2056. [1] He accordingly reduced the marital deduction to $ 137,257, the value of the joint tenancy property that passed from Mr. Heim to Mrs. Heim by operation of law. [2] Petitioner contests that determination. The order *466 for final distribution of property under Mr. Heim's will was entered by the probate court on January 3, 1984. Mrs. Heim survived the entry of that order. At trial, respondent filed a motion to exclude testimonial evidence. We took that motion under advisement, but received testimonial evidence at the time of trial relating to the testator's intent, subject to respondent's objection. OPINION The issue for decision is whether Mrs. Heim's interest in the property that she received under Mr. Heim's will was a terminable interest as defined in section 2056(b). Section 2056(a) provides that, in arriving at the value of a taxable estate, a deduction is allowed from the gross estate of "an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse * * *." [3] The Federal estate tax regulations refer to this deduction as the "marital deduction." Sec. 20.20056(a)-1(a), Estate Tax Regs. Section 2056(b)(1) limits the marital deduction available for certain interests passing to a surviving spouse that may terminate or fail "on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event *467 or contingency to occur * * *." The Federal estate tax regulations refer to such interests as "terminable interests." Sec. 20.2056(b)-1(a), Estate Tax regs. Section 2056(b)(3) provides an exception to section 2056(b)(1). It provides that an interest passing to a surviving spouse shall not be considered a terminable interest solely because the surviving spouse's interest is conditioned on her survival for "a period not exceeding 6 months after the decedent's death," provided she survives that long. This Court has held that interests conditioned on a spouse surviving until distribution of an estate are terminable interests that do not qualify for the marital deduction. Estate of Harmon v. Commissioner,84 T.C. 329, 339-340 (1985); Estate of Sbicca v. Commissioner,35 T.C. 96, 100-103 (1960); Estate of Street v. Commissioner,25 T.C. 673, 674-676 (1955). Such gifts do not qualify for the exception allowing gifts to a spouse to be conditioned *468 on survival for a period not exceeding six months. The rationale for holding that the exception does not apply is that, as distribution may not occur within six months, the surviving spouse's interest may remain terminable for more than six months. Estate of Street v. Commissioner,supra at 675 (relying on Kasper v. Kellar,217 F.2d 744 (8th Cir. 1954).) Petitioner raises two alternative arguments in an attempt to qualify the interest received by Mrs. Heim for the six-month exception provided by section 2056(b)(3). First, petitioner argues that the survivorship requirement should be ignored because is "was included in decedent's will by reason of mistake and/or ambiguity (latent or patent)." Second, it argues that California law limits the survivorship requirement contained in Mr. Heim's will to six months. As a preliminary matter, we must address respondent's motion to exclude testimonial evidence. Respondent argues that testimonial evidence is inadmissible to prove that the requirement that Mrs. Heim survive until distribution was included in Mr. Heim's will by mistake. To that extent, we agree. The testimony is admissible, however, to *469 identify and resolve ambiguities in Mr. Heim's will. As we recognized in Estate of Harmon v. Commissioner,supra at 335, California law requires us to examine the circumstances surrounding the execution of a will, as well as the will's language, to determine whether a phrase used in the will is ambiguous. We stated in that case that if we determine that a phrase is ambiguous, we may then consider all relevant evidence of the meaning intended by the testator, including the testator's oral declarations. Estate of Harmon v. Commissioner,supra at 335-556. If, however, a phrase in unambiguous in light of the extrinsic evidence, then "any proffered evidence attempting to show an intention different from that expressed by the words therein * * * is inadmissible." In re Estate of Russell,69 Cal.2d 200, 444 P.2d 353, 361-362, 70 Cal. Rptr. 561, 569-570 (1968). (Emphasis in original.) See also De Oliveira v. United States,767 F.2d 1344, 1347 (9th Cir. 1985). As the Supreme Court of California emphasized in In re Estate of Dodge,6 Cal.3d 311, 324, 491 P.2d 385, 394, 98 Cal. Rptr. 801, 810 (1971), *470 "The paramount rule in the construction of wills, to which all other rules must yield, is that a will is to be construed according to the intention of the testator as expressed therein, and this intention must be given effect as far as possible." (Emphasis added.) (Quoting In re Wilson's Estate,184 Cal. 63, 66-67, 193 P. 581, 582 (1920).) We must therefore review the testimonial evidence to determine whether the phrase "fail to survive distribution" is ambiguous. If we conclude that the phrase is unambiguous, extrinsic evidence is inadmissible to prove that it was not what Mr. Heim intended. As Mr. Heim's will was drawn by an experienced attorney, there is a presumption that language in it was used in its technical sense unless the will or the circumstances surrounding its execution clearly indicate that the language was not intended to have its technical meaning. Estate of Harmon v. Commissioner,supra at 336; In re Northcutt's Estate,16 Cal.2d 683, 107 P.2d 607, 610 (1940). We note at the outset that phrases requiring beneficiaries to survive distribution in order to take under a will have a well-established technical *471 meaning in California probate practice: they require beneficiaries to be alive on the date the decree of distribution is entered. Estate of Harmon v. Commissioner,supra at 336-338. The phrase "fail to survive distribution" is accordingly not one that is inherently ambiguous. CF. In re Estate of Dodge,6 Cal.3d at 318-319, 491 P.2d at 390, 98 Cal. Rptr. at 806 (stating that term "personal property" is inherently ambiguous). Neither is it ambiguous in the context of Mr. Heim's will when given its technical meaning. There is no conflict whatsoever between its technical meaning and the remainder of the will. The testimonial evidence of the circumstances surrounding the execution of the will fails to establish that Mr. Heim intended for the phrase to have other than its technical meaning. Although the attorney who drafted the will testified that Mr. Heim did not specifically ask to have the phrase included in the will, that testimony does not establish that Mr. Heim affirmatively intended for the phrase to have other than its technical meaning. In sum, we conclude that the phrase "fail to survive distribution" used in Mr. Heim's will in unambiguous. *472 We therefore cannot consider evidence offered in an attempt to show that petitioner did not intend for it to have effect as California law prevents us from considering extrinsic evidence to vary the unambiguous terms of a will. In re Estate of Russell,69 Cal.2d at 205, 444 P.2d at 361-362, 70 Cal. Rptr. at 569-570; Symonds v. Sherman,219 Cal. 249, 26 P.2d 293, 295-296 (1933); In re Young's Estate,123 Cal. 337, 55 P. 1011, 1013 (1899). As the United States Court of Appeals for the Ninth Circuit, the court to which an appeal of this case would lie, recognized in De Oliveira v. United States,supra at 1349, California law simply does not permit us to rewrite Mr. Heim's will to effectuate what is now alleged to have been his intent. Having concluded that we cannot simply ignore the requirement that Mrs. Heim survive distribution in order to take under Mr. Heim's will, we must next decide whether California law limits the survivorship requirement to six months. Cal. Prob. Code sec. 1036[4] which governs the distribution made under Mr. Heim's will, provided in relevant part that: If a will contains a *473 marital deduction gift * * * any survivorship requirement expressed in the will in excess of six months shall not apply to the property passing under a marital deduction, but shall be limited to a six-month period beginning with the testator's death. [Emphasis added.] Petitioner contends that Ca. Prob. Code sec. 10036 modifies the clause in Mr. Heim's will requiring Mrs. Heim to "survive distribution" by limiting it to six months. We disagree. Cal. Prob. Code sec. 1036 by its terms applies only to "marital deduction gifts." Cal. Prob. Code sec. 1030(d) defines marital deduction gift as "a gift intended to qualify for the marital deduction." Cal. Prob. Code sec. 1032(a) provides that "Whether the will contains a marital deduction gift depends upon the intention of the testator at the time the will is executed." In this case, there is simply no evidence that Mr. Heim intended for the gift to Mrs. Heim to qualify as a marital deduction gift. *474 His will itself does not evidence an intention that the gift qualify for the marital deduction. As we found as a fact, the will mentions neither Federal estate taxes nor the marital deduction. The testimony heard at trial, assuming it is admissible in this circumstance to prove Mr. Heim's intent concerning a marital deduction, similarly provides no indication that Mr. Heim intended for the gift to qualify for the marital deduction. Both Mrs. Heim and the attorney who drafted the will testified that they never discussed the marital deduction with Mr. Heim. In short, there is no evidence that Mr. Heim even considered Federal estate taxes in deciding to leave all of this estate to Mrs. Heim, subject to the requirement that she survive distribution. In these circumstances, we conclude that petitioner has failed to prove that Mr. Heim's gift to Mrs. Heim was a marital deduction gift within the meaning of Cal. Prob. Code sec. 1036. We accordingly hold that Cal. Prob. Code sec. 1036 has no effect on the "survive distribution" clause involved in this case. [5]
*475 In sum, the petitioner has failed to prove that respondent erred in determining that the interest passing to Mrs. Heim under Mr. Heim's will was a nondeductible terminable interest. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect when Mr. Heim died, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted. ↩
2. If Mrs. Heim's interest in the property passing under Mr. Heim's will is not held to be a terminable interest, respondent determined, in the alternative, that the marital deduction is reduced to $ 340,896 -- one-half of the value of the adjusted gross estate adjusted for the decrease determined in the value of the stock. ↩
3. As in effect in 1981, section 2056(c)(1)(A) limited the amount of the deduction to the greater of (1) $ 250,000 or (2) 50 percent of the value of decedent's adjusted gross estate. ↩
4. Although Cal. Prob. Code sec. 1036 has not been repealed, it continues to govern distributions made on or after January 1, 1983, and before January 1, 1988. Cal. Prob. Code sec. 21501(b)↩ (West 1988). 5. Even if petitioner had proven that Mr. Heim had intended for the gift to Mrs. Heim to qualify as a marital deduction gift, we would have concluded that Cal. Prob. Code sec. 1036 does not appply. Cal. Prob. Code sec. 1036↩ applies to a "survivorship requirement expressed in the will in excess of six months * * *. The requirement that Mrs. Heim survive distribution was a requirement that she survive for a period that could not be determined from the will, not a requirement that she survive "in excess of six months."