32113. ODOM v. ODOM et al.

JORDAN, Justice.

This appeal is from a judgment construing certain provisions of the last will and testament of R. Norval Odom. The appellant is the widow of the testator and the appellees are the children of the testator by a former wife. The appellees are the named and duly qualified executors of the will at issue. Appellant alleges that the court erred in its construction of items three and ten of the will.

1. Item three of the will provides: "I hereby give, devise and bequeath all cash which I have at the time of my death in banks or otherwise, the personal automobile

which I may own at the time of my death, and all life insurance proceeds payable to my estate unto my wife, Lucile Odom. . ."

At the time of his death, the testator owned four four-hundred dollar savings certificates, two one-thousand dollar savings certificates, and one five-thousand dollar savings certificate. In addition, at the time of his death, testator held debts due and payable from individuals in the amount of $1,500, and also had consigned for sale certain lots of tobacco. Appellant's contention that these items were "cash...in banks or otherwise" and therefore passed to her under Item three, was rejected by the court below.

Because the intention of the testator is always the controlling factor in the construction of a will, precedents are seldom much help in construing the provisions of any particular will. The words "cash" and "cash on deposit in banks" have sometimes been held to their strict meaning, and at other times have been given a broader reading. See 96 CJS 186, Wills, § 779 (a) and (b). We have recently noted that the term "securities" might be construed to include accounts at banks or savings and loan associations. *Alford v. C. & S. Nat. Bank,* 237 Ga. 194, 196 (226 SE2d 905) (1976).

In the absence of any reference to, or specific bequest of, the savings certificates anywhere in the will, we believe the testator contemplated that these certificates represented "cash [which he had] in banks or otherwise." To this extent we disagree with the trial court and hold that the savings certificates passed to the appellant under Item three. We agree with the court below that the phrase "cash...in banks or otherwise" as it was used in this will does not encompass the debts owed the testator by individuals, or the consignments of tobacco.

2. Item ten of the will provides: "Should my estate exceed the amount of estate Federal and State taxes then I desire and direct that one half thereof be claimed for marital deductions for Federal and State estate and inheritance taxes by my said wife."

Appellant claims that this item of the will grants to her one half of the testator's estate if the assets of the estate exceed the $60,000 federal estate tax exemption

(26 USCA § 2052). The court below reasoned that if this had been the intention of the testator, he would not have made the numerous specific bequests to his wife, his son and daughter, and others, that he made in the preceding items of the will. We agree. "Before a posterior provision shall be given the effect of nullifying a devise previously made in the will, the conflict between the two provisions must be irreconcilable." *Rigdon v. Cooper,* 203 Ga. 547, 552 (47 SE2d 633) (1948). We think the court below correctly concluded that by item ten, the testator sought to insure that the marital deduction provided for in 26 USCA § 2056 would be taken advantage of in order to reduce the tax liability of his estate.

*Judgment affirmed in part and reversed in part. Nichols, C. J., Undercofler, P. J., Hall and Hill, JJ., concur. Ingram, J., concurs in the judgment only.*

SUBMITTED MARCH 11, 1977 — DECIDED APRIL 21, 1977 — REHEARING DENIED MAY 11, 1977.

*Richard D. Phillips,* for appellant.

*Dubberly & Dubberly, B. Daniel Dubberly,* for appellees.