44296. POWELL et al. v. VANN.
(359 SE2d 673)

PER CURIAM.

Heyward Vann, as executor of the will of Moreta Vann, petitioned the Superior Court of Thomas County for a construction of her will and for directions regarding the proper distribution of her assets under Items Five and Six of her will. The appellants, Mary Julia A. Powell and Mary Vann Lunsford, filed a motion for summary judgment seeking to have the assets in question distributed under Item Six of the will. Christopher Heyward Vann filed a similar motion seeking to have the assets distributed under Item Five of the will. The trial court denied the appellants' motion and granted Christopher Hayward Vann's motion and held that the assets should be distributed under Item Five of the will. We reverse.

"In will construction the court is required to 'seek diligently for the intention of the testator and . . . give effect to the same as far as it may be consistent with the rules of law.' OCGA § 53-2-91." *Norton v. Ga. R. Bank &c.*, 253 Ga. 596, 597 (322 SE2d 870) (1984). We must look to the will as a whole in our determination, but the particular items that aid us in our decision are Items Five, Six, and Thirteen. Item Five states, in part, "I give all my securities, including without limitation stocks in corporations, in equal shares to the following persons . . ." Item Six states, in part, "I give, bequeath and devise all of the rest, residue and remainder of my property of every kind and wherever located . . . in equal shares to . . ." Item Thirteen states, in part, "All bonds, bank accounts, savings accounts (whether in banks, savings and loan associations or building and loan associations) and similar property which I may own at the time of my death in the name of myself and another person or persons, which are payable on or after my death to the survivor or survivors, shall be the sole property of the survivor or survivors . . . and my Executor shall make no claim against the survivor or survivors."

At the time the will was executed the assets in question were deposited in two different savings accounts, one in a savings and loan association and the other in a bank. Prior to Ms. Vann's death, Heyward Vann, acting under a power of attorney, transferred the money on deposit in the savings accounts within the same financial institutions. The savings account in the savings and loan was transferred into a ready cash fund account and the savings account in the bank was transferred into a money market account. The funds were moved in order to obtain higher rates of interest.

As the trial court stated, this Court has "noted that the term 'securities' might be construed to include accounts at banks or savings and loan associations. *Alford v. C. & S. Nat. Bank*, 237 Ga. 194, 196 (226 SE2d 905) (1976)." *Odom v. Odom*, 238 Ga. 733, 734 (235 SE2d 29) (1977). But when "there is no contrary intention expressed in a will, as is the case here, words and phrases will be given their ordinary and accepted meaning . . ." *Gresham v. Gannon*, 243 Ga. 269, 270 (253 SE2d 748) (1979). The meaning of "securities" does not ordinarily encompass money deposited in savings and loan associations and banks whether in savings accounts, money market, or ready cash funds.

Furthermore, Item Thirteen makes it very clear that the testatrix intended to differentiate between "savings accounts (whether in banks, savings and loan associations or building and loan associations) and similar property . . ." and "securities."

*Judgment reversed. All the Justices concur. Weltner, J., disqualified.*

Decided September 9, 1987.

O'Callaghan, Saunders & Stumm, Rex M. Lamb III, for appellants.

Guttshall, Cook & Guttshall, Martha J. Cook, Alexander & Vann, George R. Lilly II, for appellee.