ESTATE OF Carl I. HEIM, Deceased, Isabelle J. Heim, Executrix, Petitioner–Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 89–70169.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 1990.

Decided Sept. 18, 1990.

John M. Kent, Anaheim, Cal., James Toledano, Toledano & Wald, Irvine, Cal., for petitioner-appellant.

Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen, Charles E. Brookhart, and Curtis C. Pett, Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before HUG and TROTT, Circuit Judges, and REED, District Judge.*

---

* The Honorable Edward C. Reed, Jr., Chief United States District Judge for the District of Nevada, sitting by designation.

EDWARD C. REED, Jr., Chief District Judge:

The estate appeals the Tax Court's [1] determination that a bequest to Isabelle J. Heim, surviving spouse of the deceased, was a nondeductible terminable interest under section 2056 of the Internal Revenue Code (26 U.S.C.); that section 1036 of the California Probate Code did not apply to save the bequest from the terminable interest rules; and that the estate therefore was not entitled to a marital deduction. We affirm the decision of the Tax Court.

## I. FACTS

On November 12, 1981, Carl I. Heim (hereinafter "Mr. Heim" or "decedent") died testate, a resident of California, leaving a will wherein he bequeathed all of his estate "of whatsoever kind and nature and wheresoever situated to my wife, ISABELLE J. HEIM." The decedent's will provided that, in the alternative, the gift would pass to the children of his wife if she "should predecease me or fail to survive distribution." [2] His wife, Isabelle J. Heim (hereinafter "Mrs. Heim" or "surviving spouse"), survived the decedent.

On January 3, 1984, the Superior Court for the State of California for the County of Orange entered its final order distributing the estate as provided in decedent's will. The superior court found that "[a]ll of the estate is bequeathed to the decedent's wife, ISABELLE J. HEIM, if she survived distribution; she is now surviving; and distribution of the estate should be made to her."

On its estate tax return, the estate claimed a marital deduction of $344,754, one-half of the reported adjusted gross estate. Upon auditing the return, the Internal Revenue Service (IRS) determined that $207,497 transferred to the surviving spouse under decedent's will was a nondeductible terminable interest, and therefore reduced the marital deduction to $137,257.[3] Based on the reduced marital deduction, the IRS assessed a deficiency in estate tax of $62,513.[4]

The estate petitioned the United States Tax Court for a redetermination of the deficiency[5] pursuant to 26 U.S.C. § 6213 (1989). The tax court denied the estate's request for a redetermination, holding that the estate was not entitled to a marital deduction for the value of the interest which passed to the surviving spouse. Because vesting of the gift to Mrs. Heim was conditioned upon her survival until distribution, the court found that this condition rendered the interest terminable, and therefore nondeductible, under Internal Revenue Code[6] section 2056. The court further

---

1. Judge Körner's decision is reported at 56 T.C.M. (CCH) 146 (1988).

2. The relevant dispositions of the testator's estate are contained in the following paragraphs of his will:

 FIRST: I declare that I am married; that my wife's name is ISABELLE J. HEIM; that there is no issue of our marriage. I have no other living children, no deceased children, nor issue of deceased children and no adopted children.
 SECOND: It is my intention hereby to dispose of all property which I am entitled to dispose of by Will.
 THIRD: I give all of my estate of whatsoever kind and nature and wheresoever situated to my wife, ISABELLE J. HEIM.
 FOURTH: In the event that my said wife should predecease me or fail to survive distribution, or in the event that our deaths should occur simultaneously or approximately so or in the same common accident or calamity, then I give all of my estate of whatsoever kind

and nature and wheresoever situated to my wife's three children by a prior marriage....

3. This was the value of joint tenancy property which passed to the surviving spouse by operation of law.

4. The amount of the deficiency later was reduced to $41,043, on account of expenses incurred during this litigation.

5. During its audit, the IRS also reduced the taxable estate by $7,717, after determining that stock valued on the return at $29,854 should be valued at only $22,137. The estate did not appeal that determination.

6. All references to the Internal Revenue Code (I.R.C.) shall be to the Internal Revenue Code of 1954 (Title 26 United States Code), as amended and in effect during 1981, the year the testator died. The 1954 Code has been redesignated as the "Internal Revenue Code of 1986" by section 2 of the Tax Reform Act of 1986, Pub.L. No. 99–514, 100 Stat. 2085.

held that California Probate Code section 1036 did not operate to reform the survivorship provision by limiting it to six months, since there was no evidence that the testator intended the gift to his wife to qualify for a marital deduction.

The tax court had jurisdiction to consider redetermination of the deficiency under I.R.C. sections 6214 and 7442. This appeal is timely filed, and jurisdiction lies under I.R.C. section 7482.

## II. DISCUSSION

### A. *Standard of Review*

■ We review Tax Court decisions "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." 26 U.S.C. § 7482(a)(1) (1989). *See Guth v. Commissioner*, 897 F.2d 441, 443 (9th Cir.1990). Federal Rule of Civil Procedure 52(a) mandates use of a clearly erroneous standard in review of district court fact-finding. Therefore, the Tax Court's factual determination regarding intent of the testator will be reviewed for clear error. *See id.*

■ Because Mr. Heim lived in California, California law governs construction of his will. *De Oliveira v. United States*, 767 F.2d 1344, 1347 (9th Cir.1985). Under California law, construction of the testator's will is a question of law, subject to *de novo* review, unless that construction turns on the credibility of extrinsic evidence. *Id.* If extrinsic evidence renders the language of the will susceptible to two or more meanings, the will is said to be ambiguous and the construction of the will then turns on the credibility of the extrinsic evidence. Extrinsic evidence is admissible to make this determination, and it is reviewed for clear error. On the other hand, if extrinsic evidence does not render the will susceptible to two or more meanings, then the will

is deemed not ambiguous, such extrinsic evidence thereafter is disregarded, and the plain language of the will is relied upon to determine the intent of the testator.

In this case, the tax court found that the will was unambiguous, and that the intent of the testator could be determined from the face of the will. This conclusion is not clearly erroneous, and we affirm this finding. Therefore, we proceed with a *de novo* review of the will to determine the intent of the testator.

■ Further, questions of state law are reviewed under the same independent de novo standard as are questions of federal law. *Matter of McLinn*, 739 F.2d 1395, 1397 (9th Cir.1984) (en banc). Neither former Probate Code section 1036, nor current Probate Code section 21525 have been construed by any California court; therefore, this Court must place itself in the position of the California Supreme Court in ruling on the applicability of Probate Code section 1036. *Prestin v. Mobil Oil Corp.*, 741 F.2d 268, 270 (9th Cir.1984).

### B. *The I.R.C.*

1. Does the bequest contained in the will constitute a nondeductible terminable interest under section 2056 of the Internal Revenue Code?

Section 2056(a)[7] of the I.R.C. provides that in determining the value of the taxable estate, an estate may, subject to certain limitations, deduct from the gross estate a marital deduction, in an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse.[8] The marital deduction was enacted to equalize the effects of federal estate taxes in common law and community property states. *See* S.Rep. No. 1013, 80th Cong., 2nd Sess. (1948) (1948–1 C.B. 285, 303–306), *reprinted in*

---

7. Section 2056(a) provides as follows:
 (a) **Allowance of marital deduction.** For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b) and (c), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

8. As in effect in 1981, section 2056(c)(1)(A) limited the amount of the deduction to the greater of (1) $250,000 or (2) 50 percent of the value of decedent's adjusted gross estate.

1948 U.S.Code Cong. & Admin.News 1163, 1222, 1224; *Jackson v. United States*, 376 U.S. 503, 510, 84 S.Ct. 869, 873, 11 L.Ed.2d 871 (1964). In theory, property owned by the marital unit should be subject to a single estate tax. In community property states, each spouse is deemed to own one-half of the community property. Therefore, one-half of the community property generally is taxed in the estate of the first to die (the decedent); the remaining one-half is taxed when transferred (either inter vivos or testamentary) by the surviving spouse. The marital deduction permits transfer of property within the marital unit, and thus avoidance of taxation of that property in the estate of the decedent, only if the property passes outright to the surviving or donee spouse. S.Rep. No. 1013, Part 2 at 28 (1948–1 C.B. at 305), *reprinted in* 1948 U.S.Code Cong. & Admin.News at 1228–31. This defers taxation of that property until it is transferred by the surviving spouse.

However, subsection (b)(1) disallows any marital deduction for terminable interests, that is, interests passing to the surviving spouse which will fail or lapse under certain conditions. In relevant part, section 2056(b)(1) provides:

**(b) Limitation in the case of life estate or other terminable interest.**

(1) General rule. Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest—

(A) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and

(B) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse. . . .

Given the structure of the marital deduction, the purpose of the nondeductible terminable interest rule is apparent. For example, if an estate in a common law jurisdiction was permitted to deduct a life estate which passed from the decedent to the surviving spouse, the decedent's estate could avoid taxation at the first level. The surviving spouse would have full use and enjoyment of the property during life. However, upon death of the surviving spouse, that property would pass to a third person, as directed by the decedent. Because the property would not be included in the estate of the surviving spouse, it would avoid taxation at the second level, thereby escaping taxation entirely. *See Allen v. United States*, 359 F.2d 151, 154 (2nd Cir. 1966), *cert. denied*, 385 U.S. 832, 87 S.Ct. 71, 17 L.Ed.2d 67 (1966).

 This is precisely the type of "abuse and tax avoidance" that the nondeductible terminable interest rule was designed to prevent. *Estate of Reilly v. Commissioner*, 239 F.2d 797, 799 (3rd Cir.1957). *See also Allen*, 359 F.2d at 153–54. The nondeductible terminable interest rule seeks to ensure that property is taxed either in the estate of the decedent, or in the estate of the surviving spouse. If the interest passing to the surviving spouse "may by any event ultimately pass from the decedent to any other person for less than full consideration," that interest is terminable, and therefore not deductible by the decedent's estate. *Estate of Reilly*, 239 F.2d at 799.

 As set forth in the statute, a terminable interest exists if three conditions are met. First, the interest must be one that will lapse or terminate upon the occurrence or nonoccurrence of an event, or upon lapse of time; second, upon the failure of the interest of the surviving spouse, the interest in property must be one that will pass from the decedent to someone other than the surviving spouse for less than adequate and full consideration; and third, the person to whom the property passes must be able to enjoy or possess the property after failure of the interest of the surviving spouse. With certain exceptions not rele-

vant here, an interest bequeathed to a surviving spouse will qualify for the marital deduction unless all three of these conditions have been met. *Allen,* 359 F.2d at 154.

The nature, extent, and character of the surviving spouse's interest in property must be determined by state law. *Commissioner v. Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 1783, 18 L.Ed.2d 886 (1967); *Bookwalter v. Lamar,* 323 F.2d 664, 667 (8th Cir.1963), *cert. denied,* 376 U.S. 969, 84 S.Ct. 1135, 12 L.Ed.2d 84 (1964); *Estate of Cunha v. Commissioner,* 279 F.2d 292, 297 (9th Cir.1960), *cert. denied,* 364 U.S. 942, 81 S.Ct. 460, 5 L.Ed.2d 373 (1961); *Estate of Harmon v. Commissioner,* 84 T.C. 329, 333 (1985). Accordingly, the tax court properly applied California law in evaluating the nature of the right which passed to the surviving spouse under the will. Mrs. Heim's right to the estate was contingent upon her survival of distribution of that estate. Under California law, such a limitation creates a terminable interest. *Nielson v. United States,* 22 A.F.T.R.2d (P–H) 6051, 68–2 U.S. Tax Cas. (CCH) P12,-549 (C.D.Cal.1968). *See also Farrell v. United States,* 198 F.Supp. 461, 462 (S.D. Cal.1961); *Estate of Sbicca,* 35 T.C. 96, 102 (1960); *In re Estate of Zuber,* 146 Cal. App.2d 584, 304 P.2d 247, 254 (Dist.Ct.App. 1956); *In re Jameson's Estate,* 93 Cal. App.2d 35, 40, 208 P.2d 54, 56–57 (Dist.Ct. App.1949); *In re Hampe's Estate,* 85 Cal. App.2d 557, 193 P.2d 133, 135 (Dist.Ct.App. 1948).

Appellants do not seriously contest that the bequest to Mrs. Heim is marked by all three characteristics of a nondeductible terminable interest. The interest would have terminated had Mrs. Heim died before distribution of the estate; upon that termi-nation, the property would have passed from the decedent to Mrs. Heim's children; and the children of the surviving spouse would have been entitled to full enjoyment and possession of that property.

However, appellants argue that the bequest falls within a limited exception to the nondeductible terminable interest rule, found in section 2056(b)(3). Subsection (b)(3) provides that an interest shall not be deemed terminable if the only condition imposed is that the surviving spouse survive the decedent by six months, and if such surviving spouse does, in fact, survive for that period.[9] If the interest of the surviving spouse falls within this exception, then the estate would be entitled to claim a marital deduction for that interest.

On the face of the will, the bequest to Mrs. Heim does not fall within the exception of section 2056(b)(3). The condition imposed upon Mrs. Heim was that she survive distribution of the estate before her interest vested. Section 2056(b)(3) applies only if the survivorship condition imposed does not exceed six months of decedent's death. When the survivorship condition is viewed at the moment of the decedent's death, which is the critical time for evaluating the nature of the gift for estate tax purposes, *Jackson,* 376 U.S. at 508, 84 S.Ct. at 872; *Estate of Cunha,* 279 F.2d at 297, the condition is one that might cause the gift to terminate after the six month safe harbor of subsection (b)(3). For example, if Mrs. Heim had died seven months after decedent's death, but before distribution of the estate, her death would have caused decedent's gift to fail. The survivorship condition imposed by decedent plainly is not one which "can only occur within 6 months following the decedent's death." Treas.Reg. § 20.2056(b)–3(b) (1958).[10]

9. Section 2056(b)(3) provides:

(3) Interest of spouse conditional on survival for limited period. For purposes of this subsection, an interest passing to the surviving spouse shall not be considered as an interest which will terminate or fail on the death of such spouse if—

(A) such death will cause a termination or failure of such interest only if it occurs within a period not exceeding 6 months after the decedent's death, or only if it occurs as a result of a common disaster resulting in the death of the decedent and the surviving spouse, or only if it occurs in the case of either such event; and

(B) such termination or failure does not in fact occur.

10. Section 20.2056(b)–3(d) of the I.R.C. regulations provides further illustration of how the marital deduction rules of section 2056 apply to

Distribution of estates often take longer than six months, and did so in this case.[11] The fact that Mrs. Heim did, in fact, survive distribution is of no account. *See Kasper v. Kellar*, 217 F.2d 744, 746 (8th Cir. 1954). The interest passed does not fall within the exception of section 2056(b)(3). *Cf. Estate of Robertson v. United States*, 903 F.2d 1034 (5th Cir.1990) (bequest conditioned on survivorship of probate deemed a terminable interest that did not fall within the safe harbor of section 2056(b)(3), since the will could have been admitted to probate more than six months after decedent's death).

Having determined that the decedent created a nondeductible terminable interest by requiring his surviving spouse to survive distribution of the estate, we now consider appellant's second argument, namely that section 1036 of the California Probate Code operates to save the otherwise nondeductible bequest, and qualifies it for the marital deduction.

C. *The California Probate Code*

1. Does section 1036 of the California Probate Code operate to limit the will's survivorship provision to one that does not exceed six months, thereby permitting the estate to qualify for a marital deduction?

█ The estate argues that, in the event that the interest passed to the surviving spouse does not on its face qualify for the marital deduction, that California law operates to reform the bequest by limiting the survivorship provision to one that does not exceed six months, thereby bringing the interest within the exception of section 2056(b)(3).

Section 1036 of the California Probate Code (hereinafter referred to as "Probate Code") provides as follows:

> If a will contains a marital deduction gift, whether outright or in trust and whether or not there is a specific reference to this article, any survivorship requirement expressed in the will in excess of six months shall not apply to the property passing under a marital deduction, but shall be limited to a six-month period beginning with the testator's death.[12]

The estate argues that the purpose of this section is to qualify California wills for the federal marital deduction, by reforming those wills that are not in compliance with I.R.C. section 2056(b)(3). The tax court held, however, that the saving provision of Probate Code section 1036 only applies to wills containing a "marital deduction gift." Probate Code section 1030(d) defines a "marital deduction gift" as "a gift intended to qualify for the marital deduction." The tax court found that there was no evidence that the decedent intended the gift to qualify for the marital deduction, and therefore that the saving provision of section 1036 did not apply.

In a footnote, the tax court noted that even if the gift passed to the surviving spouse was one intended to qualify for a marital deduction, that Probate Code section 1036 still would not apply since the gift required survivorship for a period that could not be determined from the will, which period may or may not have been in excess of six months. This position is unpersuasive in light of recent amendments to section 21525. Section 21525 of the Probate Code restates former section 1036

---

facts similar to those at bar. Example 4 states that where "[a] decedent devised and bequeathed his residuary estate to his wife if she was living on the date of distribution of his estate," "[t]he devise and bequest is a nondeductible interest even though distribution took place within 6 months after the decedent's death and the surviving spouse in fact survived the date of distribution." The rationale for determining that the exception of 2056(b)(3) does not apply here is that, as distribution may not occur within six months, the interest of the surviving spouse may remain terminable for more than six months. *See Estate of Street v. Commission-*

er, 25 T.C. 673, 675 (1955); *Kasper v. Kellar*, 217 F.2d 744, 746 (8th Cir.1954).

**11.** The decedent died on November 12, 1981, while distribution of the estate did not occur until January 3, 1984, over two years later.

**12.** In 1987, this section of the Probate Code was replaced with section 21525. However, section 1036 continues to apply to distributions made on or after January 1, 1983, and before January 1, 1988. Cal.Prob.Code § 21501(b) (West Supp. 1990).

without substantive change. Section 21525(a) recently was amended to read as follows,

> If an instrument that makes a marital deduction gift includes a condition that the transferor's spouse survive the transferor by a period that exceeds *or may exceed* six months, other than a condition described in subdivision (b), the condition shall be limited to six months as applied to the marital deduction gift.

*Id.* (emphasis in original).

The italicized portion was newly added in 1988. Subsection (c) also was added to section 21525 in 1988, and provides: "The amendment of subdivision (a) made by the act that enacted this subdivision is declaratory of, and not a change in, either existing law or former Section 1036."

By these amendments, the California legislature has clarified its intent with respect to the breadth of survivorship conditions to which the statute will apply. In addition, the newly added section 21525(c) specifically states that the fact that a survivorship condition *may exceed* six months is not fatal to application of section 21525 *or* former section 1036. We assume that the California Supreme Court would read section 1036 in light of the amendment to section 21525, and would not disqualify a will from application of Probate Code section 1036 merely because the survivorship condition could have been in excess of six months.

We note that current section 21525 likely would not be applied to the survivorship condition imposed in decedent's will, because section 21525 specifically applies only to gifts conditioned upon the surviving spouse's survival of the deceased. As already discussed at length, the condition imposed by Mr. Heim was that Mrs. Heim survive distribution. However, section 1036, which applies to the distribution in this case, applies to *"any* survivorship requirement expressed in the will in excess of six months" (emphasis added). Certainly, the requirement that Mrs. Heim survive distribution qualifies as a "survivorship requirement." Furthermore, because requiring Mrs. Heim to survive distribution is a

condition which *may have* exceeded six months, because of the recent addition of section 21525(c), section 1036 should operate to limit that survivorship requirement to six months. Therefore, the survivorship requirement could be read as one in compliance with I.R.C. section 2056(b)(3).

However, we must conclude that Probate Code section 1036 cannot operate to reform the survivorship requirement in decedent's will, since there is insufficient evidence that decedent intended the gift to qualify for a marital deduction.

The estate argues that the tax court imposed an unrealistically strict standard in evaluating the evidence of decedent's intent by improperly concluding that Probate Code section 1036 only applies to wills that specifically mention the federal marital deduction. The estate asserts that this construction would severely limit the instances where Probate Code section 1036 would apply, and that it is too restrictive to give effect to the intent of the California legislature. The estate contends that most wills specifically mentioning the federal marital deduction will be drafted in such a way so as to comply with the requirements of I.R.C. section 2056. Therefore, there would be no need for the California statute to step in and reform a will that already qualifies for the marital deduction.

As framed by the estate, this argument holds some appeal. However, not all wills expressing an intent to qualify for the marital deduction are drafted in a manner consistent with the requirements of I.R.C. section 2056. *See, e.g., In re Estate of Rogers,* 180 So.2d 167, 169–71 (Fla.Dist.Ct.App. 1965); *Odom v. Odom,* 238 Ga. 733, 235 S.E.2d 29, 31 (1977); *Howell v. Gentry,* 8 N.C.App. 145, 174 S.E.2d 61, 65–66 (N.C. Ct.App.1970); *Estate of Althouse,* 404 Pa. 412, 172 A.2d 146, 151–52 (1961). Furthermore, we cannot avoid the statutory directive that a "marital deduction gift" is "a gift that is intended to qualify for the marital deduction," Probate Code section 1030(d), and that "[w]hether the will contains a marital deduction gift depends upon the intention of the testator at the time the

will is executed." Probate Code section 1032(a).

In California, a will must be construed according to the intention of the testator as that intention is expressed in the language of the will. *See In re Estate of Dodge*, 6 Cal.3d 311, 324, 491 P.2d 385, 394, 98 Cal. Rptr. 801, 810 (1971). Evidence of the circumstances surrounding execution of the will is admissible only to determine whether the will contains any ambiguity. *See In re Estate of Russell*, 69 Cal.2d 200, 444 P.2d 353, 359, 70 Cal.Rptr. 561, 567 (1968). The tax court determined that the language of the will was not reasonably susceptible to two or more interpretations, and therefore that other extrinsic evidence was not admissible to show Mr. Heim's intent.

The evidence regarding decedent's intent is devoid of any indication that decedent intended the gift to qualify for the marital deduction. Indeed, the evidence does not give any indication that decedent considered the marital deduction at all. The tax court found that the will does not mention federal estate taxes or the marital deduction. Further, the testimony received at trial concerning the circumstances surrounding execution of the will revealed that neither the surviving spouse nor the attorney who drafted the will discussed the marital deduction with Mr. Heim. In the absence of more concrete evidence that the decedent was aware of the marital deduction, and intended his surviving spouse to benefit thereby, we are unable to find that the gift was "intended to qualify" for the marital deduction. These facts are not clearly erroneous.

The estate fervently argues that because the decedent bequeathed "all of [his] estate" to his surviving spouse, that we should infer from this that decedent did not intend his surviving spouse to pay estate taxes. However, were such limited evidence of intent sufficient to support application of Probate Code section 1036, most wills drafted in California would qualify for section 1036, since most decedents could be said to possess a generalized intent to avoid federal estate taxes. However, application of Probate Code section 1036 re-

quires more than a generalized intent to reduce or avoid estate taxes. We conclude that the estate failed to present sufficient evidence of decedent's intent that the gift to Mrs. Heim qualify for a marital deduction.

### III. CONCLUSION

The estate is not entitled to a marital deduction for the bequest to Mrs. Heim, because the gift is a terminable interest under I.R.C. 2056(b). Further, section 1036 of the California Probate Code does not operate to bring the bequest within the exception of I.R.C. 2056(b)(3), because there is insufficient evidence to support the conclusion that the decedent intended the gift to qualify for the marital deduction. The decision of the tax court is AFFIRMED.