**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

RALPH H. DAVIS; EVELYN DAVIS,
Personal Representative,
              *Petitioners-Appellants,*

              v.

COMMISSIONER OF INTERNAL
REVENUE,
              *Respondent-Appellee.*

No. 03-72240

IRS No.
210-02

OPINION

Appeal from a Decision of the
United States Tax Court

Submitted December 10, 2004*
San Francisco, California

Filed January 24, 2005

Before: Jerome Farris, Dorothy W. Nelson, and
Ronald M. Gould, Circuit Judges.

Opinion by Judge Gould

---

*This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**COUNSEL**

Richard S. Calone, Jason W. Harrel, Richard S. Calone, LLP, Stockton, California, for the petitioner-appellant.

Eileen J. O'Connor, Assistant Attorney General, Jonathan S. Cohen, Karen D. Utiger, Tax Division, Department of Justice, for the respondent-appellee.

**OPINION**

GOULD, Circuit Judge:

Petitioner Evelyn L. Davis, the personal representative of the estate of her late husband, Ralph H. Davis, appeals a Tax Court decision upholding the determination of a deficiency in the taxes paid on the Davis estate. Mrs. Davis claims that the terms of an amended trust included in the Davis estate give her an unrestricted right to all of the trust income for life, and that her interest in the trust income qualifies for a marital deduction pursuant to Internal Revenue Code section 2056(b)(7). We have jurisdiction pursuant to 26 U.S.C. section 7482(a), and we affirm.

**I**

On February 24, 1993, decedent Ralph H. Davis executed both a "Will" and a "Declaration of Trust." The Will bequeathed the residue of the decedent's estate to his daughters, Carol Tawney Pencke and Mary Martha Bennett. The Declaration of Trust stated that during Ralph H. Davis's lifetime, "he shall be entitled to all of the net income . . . from the trust estate, payable in convenient installments, and he may withdraw such sums as he desires from principal at any time or times." The Declaration of Trust also named Pencke and Bennett as successor beneficiaries following the death of Ralph H. Davis. If either daughter predeceased Mr. Davis, her interest would pass to her descendants, per stirpes.

The decedent then married Evelyn L. Davis, and on April 9, 1996 subsequently executed a "Codicil" and an "Amendment to Declaration of Trust" ("Amendment"). The Amendment stated in part:

> 2. *Life Estate to Surviving Spouse of Trustor:* After the death of trustor survived by his spouse and during the lifetime of his surviving spouse, the trustee

shall pay to or apply for the benefit of the surviving spouse, in quarter annual or more frequent installments, all of the net income from the trust estate as the trustee, in the trustee's reasonable discretion, shall determine to be proper for the health, education, or support, maintenance, comfort and welfare of grantor's surviving spouse in accordance with the surviving spouse's accustomed manner of living.

3. *Designation of Successor Trustees:* The first successor trustee of the Ralph H. Davis Trust shall be his spouse, Evelyn L. Davis. In the event Evelyn L. Davis shall die, become incapacitated or otherwise be unable to administer the trust estate, then grantor's daughters, Carol Tawney Pencke and Mary Martha Bennett, or the survivor of them shall serve as co-trustees without bond.

4. *Guideline — Other Sources: Beneficiary:* In making distributions to grantor's surviving spouse, the trustee, in her reasonable discretion, may consider any other income or resources of the beneficiary known to the trustee and reasonably available.

5. *Invasion of Principal for Surviving Spouse — Narrow Standard:* If the trustee shall determine that the income from this trust and that the income and principal from the surviving spouse's own trust shall be insufficient to maintain surviving spouse's health, support and maintenance, the trustee may, after surviving spouse has exhausted all assets of her own trust, invade the principal of this trust for the benefit of surviving spouse, in the trustee's reasonable discretion.

Ralph H. Davis died on July 14, 1997, leaving a gross estate of $1,180,823.00. Mrs. Davis, as the personal representative of the Davis estate, claimed a marital deduction in the

amount of $573,216.00 under Internal Revenue Code sections 2056(a), 2056(b)(5) and 2056(b)(7).

The Commissioner reduced the marital deduction by $564,862.00, allowing the estate to deduct only $8,354.00 in life insurance proceeds that passed directly to the surviving spouse and disallowing the deduction for the funds passing in the amended trust. The Commissioner issued a notice of deficiency in the amount of $220,593.00. The estate appealed the determination of deficiency to the Tax Court, which held for the Commissioner. On this appeal, Mrs. Davis has abandoned her claim for a deduction under section 2056(b)(5), but continues to claim that the terms of the Amendment qualify for a marital deduction under section 2056(b)(7).

## II

[1] Under the Internal Revenue Code, the taxable estate of a decedent is computed by taking the gross estate defined in section 2031 and subtracting the deductions listed in sections 2053, 2054, 2055 and 2056. I.R.C. § 2051. Section 2056 describes the marital deduction.[1] Although property passing from a decedent to a surviving spouse generally qualifies for a marital deduction from the federal estate tax, I.R.C. § 2056(a), life estates and other terminable interests passing to a surviving spouse are not deductible unless they qualify for an exception under section 2056(b)(5) or section 2056(b)(7). I.R.C. § 2056(b)(1).[2]

---

[1]The purpose of allowing a marital deduction is to treat a husband and wife as a single unit for computing estate taxation. Any assets not taxed in a decedent's estate are taxable in the surviving spouse's estate under section 2044.

[2]The marital deduction is "to be strictly construed and applied." *Comm'r v. Estate of Bosch*, 387 U.S. 456, 464 (1967); *see also Estate of Shedd v. Comm'r*, 237 F.2d 345, 357 (9th Cir. 1956) ("[S]tatutory exemptions from taxes of this kind should be strictly construed against the taxpayer, and are held applicable only to subject matter or beneficiaries clearly within their terms."). The taxpayer bears the burden of showing that he or she meets every condition of a tax exemption or deduction. *Deputy v. du Pont*, 308 U.S. 488, 493 (1940); *White v. United States*, 305 U.S. 281, 292 (1938).

**[2]** To qualify for a marital deduction under section 2056(b)(7), a marital trust must consist of property "(I) which passes from the decedent, (II) in which the surviving spouse has a qualifying income interest for life, and (III) to which an election under [section 2056(b)(7)] applies." I.R.C. § 2056(b)(7)(B)(i). A deduction under section 2056(b)(7) is also known as a Qualified Terminable Interest Property, or QTIP, deduction. A surviving spouse has a "qualifying income interest for life" if he or she is "entitled to all the income from the property, payable annually or at more frequent intervals, or has a usufruct interest for life in the property," and "no person has a power to appoint any part of the property to any person other than the surviving spouse." I.R.C. § 2056(b)(7)(B)(ii).

The Treasury Regulations elaborate on the requisite degree of control required to claim a QTIP deduction: A surviving spouse is "entitled for life to all of the income" if he or she is "unqualifiedly designated as the life beneficiary of a trust." Treas. Reg. § 20.2056(b)-5(f)(1).[3] He or she "must have such command over the income that it is virtually hers."[4] Treas. Reg. § 20.2056(b)-5(f)(8). To meet these standards, a surviving spouse must show that he or she "(i) is entitled to the income until the trust terminates, or (ii) has the right, exercisable in all events, to have the corpus distributed to her at any time during her life." Treas. Reg. § 20.2056(b)-5(f)(6). A trust does not qualify for a QTIP deduction "to the extent that the income is required to be accumulated in whole or in part or may be accumulated in the discretion of any person other than the surviving spouse . . ." Treas. Reg. § 20.2056(b)-5(f)(7).

---

[3]Treasury regulations are the authoritative interpretation of the Internal Revenue Code so long as they are reasonable. *Cottage Sav. Ass'n v. Comm'r*, 499 U.S. 554, 560-61 (1991); *Sessler v. United States*, 7 F.3d 1449, 1451 n.2 (9th Cir. 1993).

[4]The principles of Treas. Reg. § 20.2056(b)-5(f) apply to determine the definition of the phrase "entitled for life to all of the income." Treas. Reg. § 20.2056(b)-7(d)(2).

In *Estate of Ellingson v. Commissioner*, we considered a "Marital Deduction Trust" that named the surviving spouse as a co-trustee and provided that "if the income so payable to the Surviving Settlor shall, at any time or times, exceed the amount which the Trustee deems to be necessary for his or her needs, best interests and welfare, the Trustee may accumulate the same, as the Trustee deems advisable." 964 F.2d 959, 960 (9th Cir. 1992). We concluded that, under the circumstances in that case, the "best interests and welfare" language was sufficiently broad to entitle the surviving spouse "to all the income from the property" for life under section 2056(b)(7)(B)(ii)(I). *Id.* at 964-65. In dicta, we noted that other language, such as "necessary or proper to provide for . . . care, comfortable maintenance, and support and reasonable comfort" and "usual and customary standard of living" would not fall within the terms of section 2056(b)(7) because "reformation of the interest-creating instrument would [be] required to grant the QTIP deduction." *Id.*; *see also Estate of Rapp v. Comm'r*, 140 F.3d 1211, 1213, 1218 (9th Cir. 1998) (holding insufficient for QTIP purposes a trust that gave surviving children discretion to distribute income to provide for the surviving spouse's "health, education and support"); *Wisely v. United States*, 893 F.2d 660 (4th Cir. 1990); *Estate of Nicholson v. Comm'r*, 94 T.C. 666, 668-74 (1990).

**[3]** When a decedent chooses to limit the degree of control that his or her surviving spouse has over the income from a terminable interest property, the decedent also precludes the possibility that his or her estate may claim a QTIP deduction under section 2056(b)(7). A section 2056(b)(7) marital deduction is available only when a decedent leaves a surviving spouse complete control over the income from a property for life.[5] Conversely, if a surviving spouse's interest in the property income is limited and thus cannot be equated with virtual

---

[5]A surviving spouse may take a marital deduction for a specific portion of a property if the income from that portion is entirely under the spouse's control. I.R.C. § 2056(b)(7)(B)(iv).

ownership, an estate may not claim a marital deduction under section 2056(b)(7).[6]

## III

We next consider whether the interest granted to Evelyn L. Davis under the Declaration of Trust and the Amendment qualifies for a marital deduction under section 2056(b)(7).

In determining whether an interest that passes in trust to a surviving spouse qualifies for a QTIP deduction under section 2056(b)(7), we first look to state law to determine the nature and extent of the property interest granted to the surviving spouse, and then turn to federal law to determine whether these property rights are ultimately subject to taxation. *United States v. Craft*, 535 U.S. 274, 278 (2002) (quoting *Drye v. United States*, 528 U.S. 49, 58 (1999)); *Estate of Heim v. Comm'r*, 914 F.2d 1322, 1327 (9th Cir. 1990).[7]

## A

[4] We first examine how California law views the property interest that Ralph H. Davis bequeathed to Evelyn L. Davis under the amended trust. Under California law, a trust must be construed "according to the intention of the testator as expressed therein, and this intention must be given effect as far as possible." *Newman v. Wells Fargo Bank, N.A.*, 926 P.2d

---

[6]The surviving spouse's complete control of trust income sufficient to qualify for the marital deduction under section 2056(b)(7) is not defeated by allowances for trust administration specifically enumerated in the statute and regulations. *See*, *e.g.*, *Estate of Howard v. Comm'r*, 910 F.2d 633, 635-37 (9th Cir. 1990).

[7]We review Tax Court decisions in the same manner as we review civil decisions of district courts rendered after a bench trial. *Rapp*, 140 F.3d at 1214-15; *Heim*, 914 F.2d at 1325 (quoting I.R.C. § 7482(a)(1)). The parties have stipulated to all the relevant facts. The only remaining issues are matters of statutory and testamentary interpretation that we review de novo. *Ellingson*, 964 F.2d at 960.

969, 973 (Cal. 1996) (quoting *Estate of Wilson*, 193 P. 581, 582 (1920)). A court must ascertain the intention of the testator by reading the trust instrument as a cohesive whole. *Ike v. Doolittle*, 70 Cal. Rptr. 2d 887, 900-01 (Ct. App. 1998). If the intention of the testator is unambiguous from the face of the instrument, the rules of statutory construction do not apply, and the plain language of the trust governs its interpretation. *Burkett v. Capovilla*, 5 Cal. Rptr. 3d 817, 819-20 (Ct. App. 2003).

**[5]** When read as a whole, the Declaration of Trust and the Amendment unambiguously indicate that Ralph H. Davis intended to leave to his surviving spouse an interest in the trust income that is explicitly restricted by the purposes listed in the trust. The phrase "all of the net income from the trust estate" is limited by the language that follows it and does not give Mrs. Davis an unrestricted interest in any more income than is "proper for [her] health, education, or support, maintenance, comfort and welfare . . . in accordance with [her] accustomed manner of living." Any other construction would render the limiting language superfluous. It would also create a tension with other terms in the trust documents: In contrast to the narrow interest he granted to Mrs. Davis in the Amendment, in the original Declaration of Trust, Ralph H. Davis gave himself an unrestricted right to "all of the net income" from the trust estate without any limiting terms. This difference in language indicates that Mr. Davis intended to bequeath his wife a more limited interest than he had during his own life. *See Ellingson*, 964 F.2d at 964.

**[6]** The Davis estate argues that California Probate Code section 21522, which governs "marital deduction gifts," operates to reform the terms of the Amendment.[8] We disagree.

---

[8]California Probate Code section 21522 states:

If an instrument contains a marital deduction gift:

(a) The provisions of the instrument, including any power, duty, or discretionary authority given to a fiduciary, shall be con-

Under section 21522, "a 'marital deduction gift' is 'a gift that is intended to qualify for the marital deduction.' " *Heim*, 914 F.2d at 1329 (citing former Cal. Prob. Code § 1030(d), *renumbered as* Cal. Prob. Code § 21520 (1991)). Under California law, we look to the instruments that created the trust to determine whether the decedent intended a gift to his or her surviving spouse to qualify for a marital deduction under section 2056(b)(7). *Newman*, 926 P.2d at 973.

**[7]** Here, neither the Declaration of Trust nor the Amendment contains any language suggesting that Mr. Davis intended the interest passing to his surviving spouse in trust to qualify for a marital deduction under section 2056(b)(7), and the estate has not presented any other evidence from which we might infer such an intent. The Davis estate argues that the language "pay to or apply for the benefit of the surviving spouse, in quarter annual or more frequent installments, all of the net income from the trust estate" in the Amendment is sufficiently similar to the language "entitled to all the income from the property, payable annually or at more frequent intervals" in Code section 2056(b)(7)(B)(ii)(I) to infer that Ralph H. Davis intended, but failed, to mirror the requirements of 2056(b)(7). We do not agree that an intent to qualify for a marital deduction can be attributed to Ralph H. Davis on the basis of this slight similarity in language. Although a showing that a settlor quoted at length from section 2056(b)(7) might be evidence that he or she intended the trust to fall within the terms of that provision, here Ralph H. Davis employed commonly used terms, and the language he chose only vaguely resembles that of section 2056(b)(7).

---

strued to comply with the marital deduction provisions of the Internal Revenue Code.

(b)   The fiduciary shall not take any action or have any power that impairs the deduction as applied to the marital deduction gift.

(c) The marital deduction gift may be satisfied only with property that qualifies for the marital deduction.

California Probate Code section 21522 does not operate to reform a trust instrument simply because some decedents may desire to reduce or avoid estate taxes. *Heim*, 914 F.2d at 1330. A rational person in the position of Ralph H. Davis might have wished that his estate be taxed at his death, as it would have been under the original Declaration of Trust, with the aim that Mrs. Davis would have only a limited interest in the trust income and that the remainder would pass to his daughters.

[8] Because Ralph H. Davis did not leave his wife "a gift . . . intended to qualify for the marital deduction," section 21522 of the California Probate Code does not apply to reform the terms of the Amendment. *See id.* at 1329. Thus we determine that Mrs. Davis's interest is limited under California law, and the Declaration of Trust and the Amendment do not give her an unqualified right to all of the income from the trust for life.

**B**

We next consider the federal issue whether the property interest bequeathed by Ralph H. Davis to Evelyn L. Davis under California law qualifies for a marital deduction under Internal Revenue Code section 2056(b)(7).

[9] Under the terms of the Amendment, Mrs. Davis is neither "entitled to the income until the trust terminates," nor in possession of "the right, exercisable in all events, to have the corpus distributed to her at any time during her life." *See* Treas. Reg. § 20.2056(b)-5(f)(6). The Amendment provides that Mrs. Davis may collect such income as the trustee, "in the trustee's reasonable discretion, shall determine to be proper for the health, education, or support, maintenance, comfort and welfare of grantor's surviving spouse in accordance with the surviving spouse's accustomed manner of living." This restrictive language precludes Mrs. Davis from

having "such command over the income that it is virtually hers." *See* Treas. Reg. § 20.2056(b)-5(f)(8).

The Davis estate argues that the trust qualifies for a QTIP deduction under section 2056(b)(7) because the terms of the Amendment allegedly create a "general power of appointment" under section 2041. We reject this argument. Sections 2041 and 2056 are distinct provisions of the Internal Revenue Code. These sections do not cross-reference each other, and the requirements under section 2056 are different than those under section 2041. Consequently, a surviving spouse might have a general power of appointment under section 2041, but not have the requisite control over the income to qualify for a deduction under section 2056. *See* BORIS I. BITTKER AND LAWRENCE LOKKEN, FEDERAL TAXATION OF INCOME, ESTATES AND GIFTS § 129.4.3 (2d ed. 1993 & Supp. 2004). Even if section 2041 did apply to determining whether an interest qualified as a QTIP, the Amendment does not give Mrs. Davis the requisite "general power of appointment" because her powers are limited by an "ascertainable standard." *See* Treas. Reg. § 20.2041-1(c)(2).

Although Mrs. Davis is the sole trustee, this does not save the otherwise defective trust for two reasons. First, even when acting as trustee, Mrs. Davis can properly only make such distributions to herself as are permitted by the Amendment, hemmed in by the requirement that income given her be "proper for the health, education, or support, maintenance, comfort and welfare of grantor's surviving spouse in accordance with the surviving spouse's accustomed manner of living." Second, Mrs. Davis "might not remain co-trustee until she dies." *See Ellingson*, 964 F.2d at 962. The possibility — however remote — that the surviving spouse might resign or become incapacitated prevents a provision naming the surviving spouse as trustee from automatically qualifying an otherwise deficient trust for the marital deduction under section 2056(b)(7). *Id.* Under the terms of the Amendment, in the event that Mrs. Davis were to "become incapacitated or otherwise be unable to administer the trust estate" she would no

longer serve as trustee. Trust income could then accumulate "in the discretion of" either one or both of successor trustees Pencke and Bennett, both "person[s] other than the surviving spouse . . . ," precluding a deduction under section 2056(b)(7). *See* Treas. Reg. § 20.2056(b)-5(f)(7); *see also Ellingson*, 964 F.2d at 962.

The argument that the Amendment should be reformed to meet the terms of section 2056(b)(7) because Ralph H. Davis allegedly intended the amended trust to qualify for a QTIP deduction is likewise unavailing. As we discussed in section II.B., neither the Declaration of Trust nor the Amendment contains any indication that Ralph H. Davis intended the trust to qualify for a QTIP deduction. Even if Davis had clearly expressed that he intended the trust to qualify for a section 2056(b)(7) deduction, this intent would not reform an otherwise facially defective trust so that it complied with QTIP requirements. *See Shedd*, 237 F.2d at 346 ("A court must interpret a will according to the language that the testator actually used — not according to what the court might guess that the decedent might have said if he had chosen the right words.").

[10] Ralph H. Davis did not bequeath to Evelyn L. Davis an interest sufficient to qualify for a marital deduction under section 2056(b)(7). Under California law, the unambiguous terms of the Declaration of Trust and the Amendment give Mrs. Davis an interest limited to the amount of income proper for her "health, education, or support, maintenance, comfort and welfare" in accordance with her "accustomed manner of living." This limitation is inconsistent with a conclusion that Mrs. Davis had virtual ownership of the income from the trust's assets. Because this limitation prevents Mrs. Davis from having complete control over the trust income, the Davis estate may not claim a marital deduction under section 2056(b)(7) for the interest passing in trust, and the Tax Court correctly upheld the determination of a deficiency in the taxes paid on the Davis estate.

**AFFIRMED.**