**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT E. CLAYTON; MAI NGUYEN, | No. 12-73904 |
| Petitioners - Appellants, | Tax Ct. No. 21565-10 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted November 18, 2014[**]

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Robert Clayton and Mai Nguyen appeal pro se from the Tax Court's

decision, after a bench trial, upholding the Commissioner of Internal Revenue's

determination of an income tax deficiency for tax year 2008. We have jurisdiction

under 26 U.S.C. § 7482(a). We review de novo the Tax Court's legal conclusions

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

and for clear error its findings of fact. *Johanson v. Comm'r*, 541 F.3d 973, 976 (9th Cir. 2008). We affirm.

The Tax Court properly upheld the Commissioner's determination of deficiencies because appellants failed to establish that they met the requirements of § 501(d), where they presented no evidence that their organization had a common or community treasury of which members were paid a pro rata share. *See* 26 U.S.C. § 501(d); *Kleinsasser v. United States*, 707 F.2d 1024, 1029 (9th Cir. 1983) ("The only requirements for the exemption are that there be a common treasury, that the members of the organization include pro rata shares of organization income when reporting taxable income and, implicitly, that the organization have a religious or apostolic character."); *see also Davis v. Comm'r*, 394 F.3d 1294, 1298 n.2 (9th Cir. 2005) ("The taxpayer bears the burden of showing that he or she meets every condition of a tax exemption or deduction.").

The Tax Court did not abuse its discretion by denying appellants' motion to vacate. *See Thomas v. Lewis*, 945 F.2d 1119, 1123-24 (9th Cir. 1991) (setting forth standard of review and determining that the denial of a motion to vacate was not an abuse of discretion where moving party provided no basis for vacating earlier order).

12-73904

We reject as without merit appellants' contentions regarding alleged First Amendment violations.

**AFFIRMED.**