**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAY 29 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SCOTT WESLEY WILLIAMS; MICHAELE ANNA WILLIAMS,<br><br>Petitioners-Appellants,<br><br>v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>Respondent-Appellee. | No. 15-71505<br><br>Tax Ct. No. 4640-12<br><br>MEMORANDUM[*] |

Appeal from a Decision of the
United States Tax Court

Submitted May 24, 2019[**]

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Scott Wesley Williams and Michaele Anna Williams appeal pro se the Tax Court's denial of their petition for redetermination of a federal income tax deficiency for 2007. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo the Tax Court's conclusions of law and for clear error its factual

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

findings. *Meruelo v. Comm'r of Internal Revenue*, 691 F.3d 1108, 1114 (9th Cir. 2012). We affirm.

The Tax Court properly found that Scott Williams's airplane-rental and telephone-skills-training activities did not constitute an "appropriate economic unit," and therefore that he did not materially participate in the airplane-rental activity for more than 500 hours for purposes of avoiding the rule prohibiting the deduction of passive activity loss from non-passive income. *See* 26 U.S.C. § 469(a) (providing that taxpayers generally may not deduct "passive activity loss" against non-passive income); *id.* § 469(c)(1) ("The term 'passive activity' means any activity—(A) which involves the conduct of any trade of business, and (B) in which the taxpayer does not materially participate."); Treas. Reg. § 1.469-4(c)(2) (allowing taxpayers to group activities for purposes of applying this rule if the activities constitute "an appropriate economic unit"); *id.* § 1.469-5T(a)(1) (a taxpayer materially participates in an activity if, *inter alia*, the taxpayer "participates in the activity for more than 500 hours" during the taxable year).

The Tax Court properly found that the burden of proof on whether the activities constituted an appropriate economic unit did not shift to the Commissioner. *See* 26 U.S.C. § 7491(a)(1) ("if, in any court proceeding, a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed by subtitle A or B, the

2

Secretary shall have the burden of proof with respect to such issue"); *Davis v. Comm'r of Internal Revenue*, 394 F.3d 1294, 1298 n.2 (9th Cir. 2005) ("The taxpayer bears the burden of showing that he or she meets every condition of a tax exemption or deduction.").

**AFFIRMED.**